## SAUNDERS v. UNITED STATES.

### Civ. No. 323.

District Court, D. New Hampshire.

April 5, 1945.

Robert W. Upton, of Concord, N. H., for plaintiff.

Dennis Sullivan, U. S. Dist. Atty., of Concord, N. H., for defendant.

CONNOR, District Judge.

This is a civil action instituted by the plaintiff under the provisions of paragraph 20, of Section 41, Title 28, U.S.C.A. (Tucker Act), for the purpose of recovering damages for the taking of the property of the plaintiff alleged to have been converted by the United States to its own use and benefit and to its unjust enrichment.

The bill alleges the taking by the defendant, pursuant to an agreement, of certain lands of the plaintiff and the decedents, situated in the Town of Livermore, County of Grafton, State of New Hampshire, subject to the right to remove the house, mill and railroad rails thereon; the subsequent removal therefrom by the plaintiff of certain fixtures, machinery and equipment; and notification thereafter by the defendant that the houses, mill and railroad rails belonged to the United States.

The plaintiff is a resident of Lawrence in the District of Massachusetts and her testatrices were residents of that District.

The defendant, by its answer, alleges, first, that the action is brought in the wrong district, because the complaint alleges that the plaintiff is a resident of Massachusetts as were her testatrices; second, that the plaintiff is without capacity to sue; and third, that the complaint is not verified as required by law. The answer further alleges, in ensuing paragraphs, fourth, that the complaint fails to state a cause of action within the jurisdiction of the court; fifth, that it sounds in tort and the defendant has not consented to be sued in tort; and sixth, that the plaintiff fails to state a claim upon which relief can be granted. The answer concludes with pleadings on the merits and a request for affirmative relief. At the hearing the second defense of incapacity to maintain suit was waived.

This matter came on for preliminary hearing March sixth, 1945, on the questions of law raised by the pleadings.

The first question to be considered is that raised by the defendant respecting the issue of venue.

This action is brought under the provisions of the statute, 28 U.S.C.A. § 41(20), known as the Tucker Act, which provides for the right to bring suit against the United States of claims not exceeding $10,-000 upon certain grounds, including the breach of any contract, express or implied, with the Government of the United States or for damages liquidated or unliquidated, in cases not sounding in tort. The foregoing act is qualified in its procedural aspect by 28 U.S.C.A. § 762, which requires that such suit as above described, shall be brought "in the district where the plain-

tiff resides." There appears to be no dispute as to the residence of the plaintiff or the requirements of the respective statutes to establish jurisdiction.

It is the contention of the defendant that this suit is brought in the wrong district not in conformity with the provisions of paragraph 20, of Section 41, Title 28, U.S.C.A., as qualified by Section 762 of Title 28, U.S.C.A., and that such issue has been properly raised in answer as its first defense. The plaintiff contends that the defendant having pleaded to the merits has waived any privilege that it might otherwise have as to venue. The issue is thus narrowed to the applicability of Rule 12 (b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

 The contention of the plaintiff would have been sound prior to the adoption of the rules. However, by the above-cited rule provision is made that "every defense * * * to a claim for relief * * * shall be asserted in responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue * * *." It seems clear that this language plainly gives the right to raise questions as to jurisdiction by motion or answer at the option of the pleader, whereas before the rules the question might only be raised by a special appearance attacking jurisdiction.

The rule further provides that, "no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The theory of the rule is that the quick presentation of defenses or objections should be encouraged.

The defendant has chosen to adopt the optional course available to it and no waiver is occasioned by pleading the issue of venue in its answer which includes a plea to the merits.

An examination of the authorities lends support to the position of the defendant. Duval v. Bathrick, D.C., 31 F.Supp. 510; Devine v. Griffenhagen, D. C., 31 F.Supp. 624; Johnson & Gould v. Joseph Schlitz Brewing Co., D.C., 28 F.Supp. 650.

I am of the opinion that the issue of venue has been correctly pleaded.

The complaint describes the plaintiff as a resident of the District of Massachusetts. The provisions of Section 762, Title 28, U.S.C.A., are mandatory in defining the residential requirements in the bringing of actions under Section 41(20), Title 28, U.S.C.A.

The plaintiff fails to come within this requirement and it is my conclusion that the proper venue of this action is in the District of Massachusetts and this court is without jurisdiction.

Although justice and expediency dictate that speedy and final determination be made of the rights of the parties upon the facts before the court, and piecemeal litigation should be avoided whenever possible, I am of the opinion that the foregoing finding disposes of the action in this court.

It does not seem logical that this court, having found that it lacks jurisdiction, which was properly the first issue considered, should then proceed to pass upon the remaining questions raised by the pleadings. This determination should be left for future decision, when and if such need should appear in the event suit is brought within proper jurisdictional limitations. If further litigation should not ensue the questions now presented become moot.

In accordance with the above finding the action is dismissed.