CRAUN et al. v. UNITED STATES.

MAUSS v. UNITED STATES.

Civ. A. Nos. 2846, 2847.

District Court, M. D. Pennsylvania.

Aug. 6, 1948.

Arthur Markowitz (of Markowitz, Liverant & Ruch, Esquires), of York, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Thomas Wood, Jr., Asst. U. S. Atty., of Lewisburg, Pa., for the Government.

WATSON, District Judge.

The plaintiff, Paul D. Mauss, instituted Civil Action No. 2847 to recover damages for injuries received in a collision which, it is alleged, was caused by the negligence of Richard Laub, who was driving a United States tractor truck and was acting within the scope of his employment as an em-

ployee of the Government of the United States, the defendant.

The plaintiff, Ethel F. Craun, instituted Civil Action No. 2846 to recover damages for the death of Samuel F. Craun in said collision which, it is alleged, was caused by the negligence of Richard Laub, who was driving a United States tractor truck and was acting within the scope of his employment as an employee of the Government of the United States, the defendant. The plaintiff, Ethel F. Craun, seeks recovery on her own behalf as widow under the Pennsylvania "Wrongful Death" Statutes,[1] and on behalf of the estate of Samuel F. Craun, Deceased, as executrix of his last Will and Testament, under the Pennsylvania "Survival" Statute.[2]

Both actions were instituted under the Federal Tort Claims Act, 28 U.S.C.A. § 921, and following, and both actions consolidated for trial were tried before the Court without a jury.

From the legal evidence received at the trial, the Court finds the facts to be as follows:

1. The plaintiff, Ethel F. Craun, and the plaintiff, Paul D. Mauss, are both residents of York, Pennsylvania, in the Middle District of Pennsylvania.

2. On March 2, 1946, on a public highway, known as Route 111, at or near the Borough of Hungerford, York County, Pennsylvania, Richard Laub was driving a United States Army tractor truck, proceeding South, and Samuel F. Craun was driving an automobile owned by him, proceeding North.

3. Immediately prior to a collision, Richard Laub, proceeding down a slight grade on Route 111, at or near the Borough of Hungerford, applied the brakes of the United States Army tractor truck. At the bottom of the grade, at a double track railroad crossing, Richard Laub increased the brake pressure, and the United States Army tractor truck began to jackknife and veer to its left, or wrong side of the high-

[1] Act of April 15, 1851, P.L. 669, 12 P.S. § 1601; Act of April 26, 1855, P.L. 309, 12 P.S. § 1603, as amended by the Act of May 13, 1927, P.L. 992, 12 P.S. § 1604.

[2] Act of July 2, 1937, P.L. 2755, 20 P.S. § 772.

way, where it struck the automobile being driven by Samuel F. Craun on its right or proper side of the highway.

4. Route 111, at the time and place of the collision, was wet and slippery.

5. Richard Laub failed to take into consideration the existing wet and slippery condition of the road and so to maintain a reasonable degree of control of the movements of the said United States Army tractor truck. This negligent omission of Richard Laub caused the collision.

6. At the time of the collision, Richard Laub was performing his duties as an employee of the Government of the United States, in transporting laundry from Indiantown Gap Military Reservation, Pennsylvania, to Fort George Meade, Maryland.

7. At the time of the collision, Richard Laub was an employee of the Government of the United States, and was acting within the scope of his employment.

8. As a result of the said collision, the plaintiff, Paul D. Mauss, who was a passenger in the automobile of Samuel F. Craun at the time of the said collision, suffered internal derangement of the left knee joint, perforations of the lower lip and tongue, and abrasions on the forehead.

9. The plaintiff, Paul D. Mauss, paid Doctor L. K. Remley, York, Pennsylvania, the sum of Twenty-four Dollars ($24.00) for professional services rendered for treatment of injuries sustained by him in the said collision.

10. Prior to the said collision, the plaintiff, Paul D. Mauss, was employed by the Pennsylvania Railroad Company as a signal lineman, and his duties included climbing poles and reconstructing lines on the poles. His average weekly earnings while so employed prior to the said collision were Fifty-one and 6/100 Dollars ($51.06) per week.

11. As a result of the injuries sustained in the said collision, the plaintiff, Paul D. Mauss, lost one week's time from work.

12. All the above enumerated injuries sustained by the plaintiff, Paul D. Mauss, as a result of the said collision have healed, except the injury to his left knee joint, which has caused, and continues to cause, frequent pain and suffering.

13. The injury to the left knee joint received by the plaintiff, Paul D. Mauss, as a result of said collision, is permanent in character, but the disability could be aided by an operation costing about Three Hundred Dollars ($300.00).

14. The injury to the left knee joint of Paul D. Mauss has incapacitated him to the extent that he is no longer able to perform the type work in which he engaged before the said collision. At present he is employed by the Pennsylvania Railroad Company as a maintenance man and inspector of equipment, and is receiving the same compensation he would be receiving if still performing the type work in which he was engaged before the said collision.

15. The plaintiff, Paul D. Mauss, suffered damage to the extent of Eight Hundred and Seventy-five Dollars ($875.00).

16. As a result of the said collision, Samuel F. Craun died instantaneously.

17. On July 23, 1946, the plaintiff, Ethel F. Craun, presented a claim for One Thousand Dollars ($1,000.00), pursuant to Army Regulation 25-20, to the War Department, at Letterkenny Ordinance Depot, Chambersburg, Pennsylvania. This claim was not presented to a Federal Agency pursuant to 28 U.S.C.A. § 921. Prior to the institution of these actions on January 22, 1947, this claim was withdrawn.

18. The plaintiff, Ethel F. Craun, is the surviving spouse of Samuel F. Craun, Deceased.

19. Funeral expenses paid for the burial of Samuel F. Craun to D. D. Hertzler & Son were Four Hundred and Twenty-seven Dollars ($427.00).

20. The average weekly earnings of Samuel F. Craun from March 1, 1945 to February 28, 1946, two days before his death, were Fifty-two and 47/100 Dollars ($52.47) per week.

21. Samuel F. Craun, Deceased, was born on December 3, 1887.

22. Under the American Mortality Table, Samuel F. Craun had a life expectancy, at the time of his death, of 15.39 years.

23. The plaintiff, Ethel F. Craun, suffered damage to the extent of Ten Thousand Dollars ($10,000.00).

24. The plaintiff, Ethel F. Craun, is the executrix under the last Will and Testament of Samuel F. Craun, Deceased, by virtue of letters probated and granted in Carroll County, Maryland.

25. The automobile owned by Samuel F. Craun, Deceased, was damaged as a result of the said collision to the extent that immediately after the collision the cost of repairs of the said automobile would have been One Thousand Three Hundred and Ninety-six and 95/100 Dollars ($1,396.95), and its highest salvage value was One Hundred and Seventy Dollars ($170.00).

26. On March 2, 1946, the date of the said collision, the "warranted" ceiling price of the said automobile under OPA Regulations was One Thousand Three Hundred and Ninety-three and 69/100 Dollars ($1,393.69), and the so-called "as is" price of the said automobile under OPA Regulations was One Thousand One Hundred and Fourteen and 93/100 Dollars ($1,114.93).

27. The estate of Samuel F. Craun suffered damage to the extent of Two Thousand Five Hundred Dollars ($2,500.00)

## Conclusions of Law

1. Both plaintiffs are residents of this District, and the act complained of occurred in this District; therefore, this Court has jurisdiction. 28 U.S.C.A. § 931.

2. The collision in this case was caused by the negligence of Richard Laub.

3. The United States is liable for damage, loss, injury, or death caused by the negligent omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable for such damage, loss, injury or death in accordance with the law of the place where the omission occurred. 28 U.S.C.A. § 931.

4. The plaintiff, Paul D. Mauss, is entitled to judgment against the defendant, the United States of America, in the sum of Eight Hundred and Seventy-five Dollars ($875.00).

5. The claim presented to the War Department by the plaintiff, Ethel F. Craun, is not a bar to the institution of the present action for a sum in excess of the amount of the claim presented to the Federal Agency.

6. The plaintiff, Ethel F. Craun, as Trustee Ad Litem, is entitled to judgment against the defendant, the United States of America, in the sum of Ten Thousand Dollars ($10,000.00).

7. The plaintiff, Ethel F. Craun, as executrix under the last Will and Testament of Samuel F. Craun, Deceased, is entitled to judgment against the defendant, the United States of America, in the sum of Two Thousand, Five Hundred Dollars ($2,500.00).

## Order

Now, August 6, 1948, it is ordered that judgment be entered in favor of Paul D. Mauss and against the United States of America, in Civil Action No. 2847, in the sum of Eight Hundred and Seventy five Dollars ($875.00); that judgment be entered in favor of Ethel F. Craun, as Trustee Ad Litem, and against the United States of America, in Civil Action No. 2846, in the sum of Ten Thousand Dollars ($10,000.00); and that judgment be entered in favor of Ethel F. Craun, Executrix under the last Will and Testament of Samuel F. Craun, Deceased, and against the United States of America, in Civil Action No. 2846, in the sum of Two Thousand, Five Hundred Dollars ($2,500.00).