Milton **MAYER**, Appellant,

v.

Ernest **WRIGHT**, Regional Commissioner of Internal Revenue Service, and Harold Hawkins, District Director of Internal Revenue Service, Appellees.

No. 15594.

United States Court of Appeals
Ninth Circuit.

Jan. 15, 1958.

Heisler & Stewart, Francis Heisler, Charles A. Stewart, Carmel, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Davis W. Morton, Jr., Lee A. Jackson, I. Henry Kutz, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Marvin D. Morgenstein, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before HEALY, POPE, and CHAMBERS, Circuit Judges.

PER CURIAM.

This case is here on appeal from an order of the district court dismissing a complaint filed by appellant in which the latter sought a declaratory judgment as to his "rights and legal relations" to make "payment of that part of his Federal income tax that is expended for past, present and possible future wars."

It appears that appellant in 1952 filed his income tax return in which he reported his income and the amount of tax due thereon—$198.76—but paid only one-half the amount. The remaining half he withheld on the ground that he is a conscientious objector to war and cannot be required to pay that part of his tax which is budgeted and expended by the Federal government for war or military preparations. In 1953 and 1954 warrants of distraint were issued against him for the unpaid balance plus interest, and in 1955 the unpaid amount was collected from him. In 1956 appellant filed his complaint for declaratory relief, as above mentioned. The claim appears bottomed on the supposition that the payment of taxes under the circumstances impinges on appellant's freedom of worship under the First Amendment to the Constitution.

It is obvious that appellant is not entitled to the relief he seeks and that the court below acted properly in dismissing his complaint. Section 2201 of 28 U.S. C.A. specifically provides that the remedy of declaratory relief is not available for controversies relating to Federal taxes. Moreover, § 7421(a) of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7421(a), with certain exceptions not here pertinent, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." This provision is similar to § 3653(a) of the 1939 Code.

And § 7422(a) of the Internal Revenue Code of 1954, relating to civil actions for refund, provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Secretary or his delegate. * * *" Both the 1939 Code and the 1954 Code provide for the filing of claims for refund of taxes.

The Government may prescribe conditions under which it consents to be sued. These conditions are jurisdictional, and they must be strictly complied with by one seeking to invoke the jurisdiction of a district court. It is clear that appellant had an adequate remedy at law to raise the question he has raised here merely by petitioning the Tax Court for a redetermination of the amount of the tax which he must pay, or by paying the full amount of this small tax owing and suing in the district court for its refund in the manner provided by law.

Dismissal affirmed.