**654**

Harald B. FRIELE, as Executor of the Estate of Katherine Isabel Friele, Deceased, and Kathy Friele, Barbara Friele and Christine Friele, Infants, by Gareld F. Krieg, their next friend, and Harald B. Friele, Plaintiffs,

v.

Alfred M. SCHAFFER, Irving L. Young, William Houston Evans and James Alderman Evans, Jr., as Executors of the Estate of C. R. Vose, Deceased, Defendants.

Haakon B. FRIELE, as Executor of the Estate of Aslaug B. Friele, Deceased, and Harald B. Friele, Haakon F. S. Friele and Rolf Friele, and Haakon B. Friele, Plaintiffs,

v.

Alfred M. SCHAFFER, Irving L. Young, William Houston Evans and James Alderman Evans, Jr., as Executors of the Estate of C. R. Vose, Deceased, Defendants.

Nos. 207, 208.

United States District Court
D. Montana,
Billings Division.

Oct. 6, 1959.

Coleman, Lamey & Crowley, Billings, Mont., Allen, DeGarmo & Leedy, Seattle, Wash., for plaintiffs.

Cooke, Moulton, Bellingham, & Longo, Billings, Mont., Sande, Symmes, Forbes & Brown, Billings, Mont., for defendants.

JAMESON, District Judge.

Defendants have filed a motion to dismiss in each of these cases on the ground that it affirmatively appears from the complaint that the plaintiffs are residents of the State of Washington, that two of the defendants are citizens of the State of New York, and two are citizens of the Territory of Virgin Islands, and that venue therefore is improper under 28 U.S.C.A. § 1391(a).

The defendants are executors of the estate of C. R. Vose, deceased, which is being probated in both the State of Montana and Territory of Virgin Islands. Plaintiffs' decedents were killed in an airplane accident in Alaska on July 10, 1957. Plaintiffs seek recovery under the Alaska wrongful death statute (A.C.L.A. § 61–7–3), alleging that the accident and resulting deaths were proximately caused by the negligence of C. R. Vose, deceased.

These actions were filed on March 18, 1959.[1] Plaintiffs were unable to obtain service upon the defendants for the reason that none of the defendants were present in the State of Montana. Plaintiffs then obtained an order of the state probate court that the letters testamentary issued to the defendants be revoked "unless they appear within the State of Montana and submit to service of process in actions pending against them within 15 days * * * ".[2]

While a nonresident is not disqualified from acting as executor in Montana, where he is absent from the state, letters of administration with the will annexed may be granted, subject to revocation on the executor's return.[3] An executor is also subject to suspension and removal where he "has permanently removed from the state * * * or has neglected to perform any act as such executor * * * ."[4]

Pursuant to the order of the state court, the defendants made an appearance in each of these actions by an instrument filed on July 30, 1959, signed

[1] It appears from plaintiffs' brief that plaintiffs first filed suit in the Virgin Islands, and upon learning that there was an estate in Montana sought a change of venue, which has not been granted.

[2] This order was entered by the District Court of the Sixth Judicial District of the State of Montana, in and for the County of Sweetgrass, on July 15, 1959, the court finding that the defendants "are necessary and proper parties" to these actions, that none of them "appeared, personally or otherwise, within the State of Montana since the filing of petitioners' complaints * * *," that the executors "have failed and refused to appear within the State of Montana for the purpose of conducting the proper and legitimate business of the Estate of C. R. Vose, deceased," and accordingly "have permanently removed from the State of Montana".

[3] See R.C.M.1947, § 91–1306.

[4] See R.C.M.1947 §§ 91–2101 to 91–2105, incl.

by the counsel for both parties, entitled "Appearance and Stipulation" which reads: "The above named defendants do hereby generally appear in the above entitled action by and through their counsel, Sande, Symmes, Forbes & Brown, and Cooke, Moulton, Bellingham & Longo, and do hereby stipulate and agree with the plaintiffs, through their counsel, as follows:

1. That the defendants may have 20 days from the date hereof in which to plead to the amended complaint filed herein."

■ It is well settled that the personal citizenship of an executor, rather than the decedent, controls in determining diversity of citizenship for purposes of federal jurisdiction. By reason of his responsibility for the conduct of litigation and his liability upon his official bond for "failure to act with diligence and fidelity", the executor is held to be "the real party in interest", and his citizenship accordingly determines federal jurisdiction.[5] This rule is recognized by both parties.

Defendants contend that venue is improper under 28 U.S.C.A. § 1391(a) which reads: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all the plaintiffs or all the defendants reside." [6]

■ Plaintiffs contend that defendants have waived the defense of improper venue. While jurisdiction of the federal court may not be waived, a venue statute "merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election." [7] Have the defendants here waived the venue provision of § 1391(a)?

■ As noted above, all of the plaintiffs reside in the State of Washington, but the action may not be transferred to that state under 28 U.S.C.A. § 1404(a) supra, for the reason that the defendants are not amenable to process in that state.[8] It is the general rule that an executor or administrator may not be sued outside the state of his appointment,[9] and this is the law of New York.[10] Thus, the defendants here are not amenable to process in any place other than Montana and the Virgin Islands.[11]

5. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 86, 76 L.Ed. 233, 77 A.L.R. 904, with annotations p. 910 and 136 A.L.R. 938. See also Erwin v. Barrow, 10 Cir., 1954, 217 F.2d 522; McCoy v. Blakely, 8 Cir., 1954, 217 F.2d 227.

6. Other venue statutes include: 28 U.S.C.A. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1406 which provides: "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

7. See Commercial Casualty Ins. Co. v. Consolidated Stone Co., 1929, 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252; Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.

8. Shapiro v. Bonanza Hotel Co. Inc., 9 Cir., 1950, 185 F.2d 777. While the circuits are not in accord, (see In re Josephson, 1 Cir., 1954, 218 F.2d 174,) this is the rule in the Ninth Circuit, which is binding upon this court.

9. See Restatement, Conflict of Laws, § 512; 34 C.J.S. Executors and Administrators § 725, p. 716.

10. Helme v. Buckelew, 1920, 229 N.Y. 363, 128 N.E. 216. The theory underlying the decision is that unless the state issuing the letters, and having control of the res, would recognize the judgment of the foreign court, it would be a nullity.

11. While in this case there is estate in both Montana and Virgin Islands, the same situation might well arise where the entire estate was in Montana. In such a case the plaintiff would have no recourse in the absence of waiver of venue by the defendant.

Moreover, the statute of limitations has run in these actions,[12] so that if they are dismissed, plaintiffs will be unable to file other actions.

■ The privilege respecting venue may be lost "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. (Citing cases). Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference." Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167. The suit in that case was based on diversity of citizenship and was not brought "in the district of residence of either the plaintiff or the defendant." 308 U.S. at page 167, 60 S.Ct. at page 154. The court held, however, that the defendant corporation by its designation under state law of an agent for the service of process, had consented to be sued in the courts of the state, federal as well as state, and that this finding was not subjecting federal procedure to the requirements of state law, but a recognition that "state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case." Citing Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853.[13] 308 U.S. at page 175, 60 S.Ct. at page 158.

While the Neirbo case involved a corporate defendant, the same rule "would equally apply to an individual defendant in situations where a state may validly require the designation of an agent for service of process as a condition of carrying on activities within its borders, and such designation has in fact been made." (Citing Kane v. State of New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222.) Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 342, 74 S.Ct. 83, 86, 98 L. Ed. 39.[14]

In Davis v. Smith, D.C.W.D.Pa.1954, 126 F.Supp. 497, 499, the court held that the act of an administrator who was a resident of Delaware and the administrator of a Pennsylvania estate, in filing with the register of wills (in Pennsylvania) an executed appointment of a certain individual as agent for acceptance of service of process was a waiver by the

---

12. A.C.L.A. § 61-7-3.

13. The court also said: "In conformity with what is now § 210 of the General Corporation Law of New York [McKinney's Consol.Laws, c. 23] Bethlehem designated 'William J. Brown as the person upon whom a summons may be served within the State of New York.' The scope and meaning of such a designation as part of the bargain by which Bethlehem enjoys the business freedom of the State of New York, have been authoritatively determined by the Court of Appeals, speaking through Judge Cardozo: 'The stipulation is, therefore, a true contract. The person designated is a true agent. The consent that he shall represent the corporation is a real consent. He is made the person "upon whom process against the corporation may be served" * * *. The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person.' Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 436–437 [111 N.E. 1075, 1076, L.R.A.1916F, 407.] A statute calling for such a designation is constitutional, and the designation of the agent 'a voluntary act.' Pennsylvania Fire Ins. Co. [of Philadelphia] v. Gold Issue Mining [& Mill] Co., 243 U.S. 93 [37 S.Ct. 344, 61 L.Ed. 610]" 308 U.S. 174, 175, 60 S.Ct. 158.

14. It was held, however, in Olberding v. Illinois Central R. Co. that this doctrine is not applicable to a suit where process is served upon an individual defendant under a nonresident motorist statute, where the statute did not require the designation of an agent for the service of process and the defendant had made no such designation, and that the defendant did not impliedly consent to be sued by simply driving his motor vehicle on the streets of the state, the court expressly distinguishing and asserting its loyalty to the decision and reasoning of Neirbo Co. v. Bethlehem Shipbuilding Corp.

administrator of the defense of improper venue. The court said in part:

"Such waiver (of defense of improper venue) occurs whenever the party manifests an intent, express or implied, to forego this privilege. Where the court finds an 'act' by the defendant indicative of an intent to waive the privilege of venue, then the defendant will be precluded from asserting this defense. The waiver in this case is predicated solely upon the affirmative act of the non-resident administrator in appointing an agent to accept service in Chester County, Pennsylvania. By this act, the administrator agrees to be sued in the courts of Pennsylvania and this submission to judicial process is deemed to extend not only to the state courts, but also to the federal courts located within the state. Citing Neirbo Co. v. Bethlehem Shipbuilding Corp., [supra].

" * * * The waiver of Section 1391, predicated upon compliance with the state act, cannot be based upon the provisions and terms of the state act, but, on the contrary, springs from federal judicial interpretation of the effect and significance of the act of appointing the agent. The act of appointment is conclusive evidence of the non-resident administrator's intent to submit to suit and waive the defense of improper venue. (Citing cases).

" * * * The crux of the matter in the present case was the defendant's appointment of an agent to accept service of process. The fact that the agent was appointed pursuant to the directive of the state statute was incidental. The submission to judicial process and the waiver of venue is just as complete, just as effective, and just as binding whether the appointment of an agent is pursuant to a statutory requirement or otherwise.

"It appears that the defense of improper venue is one personal to the defendant, which he may waive, expressly or impliedly, either prior to or after the institution of suit. The appointment of an agent for acceptance of service of process by operation of a state statute solely, without an affirmative 'act' on the part of the defendant in appointing the agent, may not of and in itself constitute a waiver of venue, i. e., a binding indication of the defendant's willingness to be sued in that state. Where, however, as here, a defendant performs the affirmative 'act' and in fact actually appoints an agent to accept service of process, whether voluntarily or under the requirement of a local statute, under the Neirbo case such defendant has waived the personal defense of venue and is amenable to suit in the federal court in the state of appointment."

This case was affirmed on appeal. 3 Cir., 1958, 253 F.2d 286. It was argued in the appellate court that the written designation of the agent was made under a mistaken understanding that it was required by the law of Pennsylvania, and that the court should find waiver only where the designation of an agent is made pursuant to the requirements of a valid statute. In holding against this contention, the court said: "We are not impressed with this argument. Even if Pennsylvania law does not require the appointment, no fraud is suggested, and the unilateral mistake of law can hardly provide a basis for ignoring the actual designation of the agent by the administrator. This voluntary act subjected the estate to suit because it unequivocally demonstrated waiver of the venue privilege." 253 F.2d at page 289.

Defendants here contend: (1) that their appearance pursuant to the order of state court did not constitute a "voluntary act"; (2) that the order of the state court related solely to process and not to venue; and (3) that the Neirbo and Davis cases accordingly are distinguishable. While the situation in these cases is not precisely the same as that in either the Neirbo or Davis case,

it is sufficiently analogous to make the same rules applicable. In the Neirbo case, the voluntary act was the designation by a corporation of an agent for service of process pursuant to a state statute as a condition to doing business in the state. In the Davis case the voluntary act was the designation by an administrator of an agent under the mistaken view that it was required by state law. Here the voluntary act is the filing of a stipulation in these actions wherein the defendants appeared generally through their counsel.

The executors here, all non-residents, voluntarily undertook the administration of the estate in Montana, assuming the obligations under Montana law to present themselves physically within the state in order to handle the business of the estate. They were found by the state court to have failed and refused to appear within the state "for the purpose of conducting the proper and legitimate business" of the estate and to have "permanently removed from the state", and accordingly were subject to removal under state law. They then had the choice of submitting to service of process in these actions or forfeiting their letters. Had they failed to appear or submit to service of process, they would have been removed, residents of Montana would have been appointed as administrators with the will annexed, and the question of venue could not have been raised. They chose instead to appear through their counsel. In other words, the state court required an appearance in these actions as a condition of serving as executors of the estate within the State of Montana, and such appearance has in fact been made, bringing the cases within the rules set forth in the Neirbo, Olberding and Davis cases, supra.

It is true that the order of the state court related specifically to process rather than venue. In the Neirbo and Davis cases the appointment of the agent likewise related to service of process, but the act of appointment was held to constitute a waiver of the defense of improper venue. Moreover, it does not appear that the question of venue was raised in the state court. Under the situation here presented the order of the state court would be a nullity if the defendants may now rely upon the defense of improper venue.

■ The defendants appeared "generally" by and through their counsel, with a stipulation that they would have 20 days within which "to plead to the complaint". The defense of improper venue may be raised by answer or by motion prior to pleading under Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 12 has abolished for the federal courts the distinction between general and special appearance, and a defendant need no longer appear specially to attack the court's jurisdiction or raise the question of improper venue.[15]

■ The mere fact that the instrument by which defendants appeared was denominated a "general appearance" and that they were granted time to "plead to the complaint" does not in itself constitute a waiver of the defense of improper venue. The failure to raise the venue question in the state court or in the initial appearance in this court by motion, and the specific reference to a "general" appearance and pleading to the complaint, however, tend to confirm an intent to waive the defense of improper venue, which was manifested in the voluntary act of appearance.

Accordingly, the motions to dismiss are denied.

---

15. See Rule 12, F.R.Civ.P.; Orange Theatre Corporation v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, certiorari denied Orange Theatre Corporation v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; Kerr v. Compagnie De Ultramar, 2 Cir., 1958, 250 F.2d 860.