Mildred **L. BUCHHEIT, as Administratrix of the Goods, Chattels and Credits of Jack Richard Buchheit, Deceased, Plaintiff,**

v.

**UNITED AIR LINES, INC., Trans World Airlines, Inc., and United States of America, Defendants.**

United States District Court
S. D. New York.
March 15, 1962.

812

McGoldrick, Dannett, Horowitz & Golub, Gold & Lerner, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., S.D.N.Y., by Anthony H. Atlas, New York City, for defendants.

EDELSTEIN, District Judge.

This is an action for wrongful death arising out of the tragic mid-air collision between an aircraft of defendant United Air Lines, Inc. (United), and an aircraft of defendant Trans-World Airlines, Inc. (TWA) on December 16, 1960, over Staten Island, New York. Plaintiff is the administratrix of decedent, Jack Buchheit, who was a passenger on defendant TWA's airplane. In addition to the claims against the defendant airlines, plaintiff has joined the United States of America as a defendant. The alleged negligence of the United States is set forth in the complaint as the seventh and eighth causes of action. Jurisdiction of the claim against the

United States is founded on the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The United States moves, pursuant to Rule 12(b) (3) F.R.Civ.P., 28 U.S.C., for an order dismissing the complaint against it for failure of the plaintiff to comply with the venue requirements of 28 U.S.C. § 1402(b).

Section 1402(b) provides that actions against the United States under 28 U.S.C. § 1346(b) "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The United States urges that neither of these requirements has been met by plaintiff.

*Venue by Residence*

Although not framed as such by either party, the real issue before the court is what is the residence of an administrator for purposes of venue in the federal courts. It is the government's contention that plaintiff's personal residence should control and that since she is a resident of Ohio, the Southern District of New York is not the proper venue. Plaintiff admits that in her individual capacity she is a resident of Wooster, Ohio. She urges, however, that for purposes of this action the place of appointment as administrator should govern.

■ The authorities on this point are meager, however the cases dealing with the citizenship of an administrator for purposes of diversity are legion. The general rule is that the personal citizenship of an executor or administrator controls for purposes of diversity jurisdiction; the citizenship of decedent as well as the place of appointment are not material. See cases collected in Annots. 136 A.L.R. 938 (1942); 77 A.L.R. 910 (1932). In wrongful death actions, the issue usually involves a choice between the personal citizenship of the administrator and the citizenship of the beneficiaries, depending upon who is the real party in interest. That issue in turn depends upon what status the administrator has under the state wrongful death statute being sued upon. "[W]here an administrator is required to bring suit under a statute giving a right to recover for death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and distribution of its proceeds to the persons entitled under the statute and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction." Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 186, 52 S.Ct. 84, 86, 76 L.Ed. 233 (1931); Annot. 77 A.L.R. 910 (1932); Annot. 136 A.L.R. 938 (1942).

■ The reasoning upon which the diversity rule is bottomed is equally applicable to determining residence for purposes of venue. And a review of the authorities relating to venue for an administrator, though they be scant, leads to the same conclusion. "The residence of an administrator of a decedent's estate is the same as his personal residence, even though the latter is in a state other than that in which he was appointed administrator." 3 Cyclopedia of Federal Procedure § 4.12 at 29 (3d ed. 1951) citing Doyle v. Loring, 107 F.2d 337 (6th Cir. 1939), cert. denied, 309 U.S. 686, 60 S.Ct. 808, 84 L.Ed. 1029 (1940); see 1 Moore, Federal Practice 1638 n. 7 (2d ed. 1960). In Kruskal v. United States, 178 F.2d 738 (2d Cir. 1950), plaintiffs, individual residents of the Southern District of New York, brought suit as Connecticut appointed executors to recover estate taxes paid. Venue was predicated upon 28 U.S.C. § 1402(a) which provides for venue only in the district where plaintiff resides. The court ruled that the suit was brought by plaintiffs in their individual, rather than fiduciary capacities, thus avoiding the need for ancillary letters in New York. But in dictum the court stated that "there is nothing to suggest departure from the usual rule that residence of the individual plaintiffs, rather than the situs of their estate, controls questions of federal jurisdiction, * * * [and] we think the plaintiffs have chosen the correct venue

for their action." 178 F.2d at 789. See also Friele v. Schaffer, 177 F.Supp. 654 (D.Mont.1959); Saunders v. United States, 59 F.Supp. 689 (D.N.H.1945); Craun v. United States, 78 F.Supp. 840 (M.D.Pa.1948).

Plaintiff argues that she is to be considered a resident of New York County by virtue of her appointment as administratrix by the Surrogates Court of New York County and the New York Civil Practice Act, § 182.[1] Her contention that the capacity of parties to sue under the Federal Tort Claims Act is governed by the law of the state where the injury occurred is correct. See Olson v. United States, 175 F.2d 510, 512 (8th Cir. 1949); Kunkel v. United States, 140 F.Supp. 591, 593 (S.D.Cal.1956). There is no dispute that plaintiff, as administratrix, is the proper party to bring this action. New York Decedent Estate Law, §§ 130, 133. But it does not follow that "therefore" CPA, § 182 governs her residence for purposes of venue in the federal courts. Section 182 is wholly procedural and is not binding on the federal courts. Moreover, by its very language it is limited to actions in the Supreme Courts of New York.[2]

The factors cited in Mecom, supra, as determining the real party in interest are present here. Plaintiff has been appointed administratrix by the Surrogates Court of New York County. She is conducting the action and is charged with the responsibility for distributing the proceeds under the New York Wrongful Death Act. Decedent Estate Law, § 133. Thus, the administratrix is the real party in interest and her personal residence controls. Cf. Rule 17, F.R.Civ.P., 28 U.S.C.A. But even if the choice were to be made on the theory that the beneficiaries are the real parties in interest, the result in this case would be the same. The sole beneficiary here is plaintiff, as the mother of decedent, Decedent Estate Law, § 133(6), and her residence is in Ohio.

*Venue by Place of Negligent Act*

An alternative venue is afforded a plaintiff under 28 U.S.C. § 1402(b) in the place "wherein the act or omission complained of occurred." The complaint alleges that the United States was negligent in the operation and control of the radar and other electronic directional facilities used by aircraft approaching Idlewild and LaGuardia airports. The air waves upon which the electronic impulses travel pass over the Southern District of New York. Since the complaint charges a failure in connection with the communications over these air waves, plaintiff contends that the places of col-

---

1. N.Y.C.P.A. § 182. *"Place of trial at residence.* An action in the supreme court not specified in the five following sections must be tried in the county in which one of the parties resided at the commencement thereof. An executor, administrator, trustee or receiver shall be deemed a resident of the county of his appointment, as well as the county in which he actually resides. If neither of the parties then resided in the state it may be tried in any county which the plaintiff designates for that purpose in the title of the summons or complaint. A party having or maintaining a residence in more than one county shall be deemed a resident of either county."

2. A study of § 182 reveals even more clearly its inapplicability to a federal venue question. "Residence" as used in § 182 is not synonymous with "domicile". See Fromkin v. Loehmann's Hewlett, Inc.,

16 Misc.2d 117, 184 N.Y.S.2d 63 (S.Ct. 1958); Hammerman v. Louis Watch Co., 7 A.D.2d 817, 181 N.Y.S.2d 65 (3d Dept. 1958). And the language of the statute itself clearly contemplates that a party may have more than one residence. On the other hand, "residence" as used in the venue sections of 28 U.S.C. has been held to mean "domicile." See, e. g., Champion Spark Plug Co. v. Karchmar, 180 F.Supp. 727, 729 (S.D.N.Y.1960); United Nations Korean Reconstruction Agency v. Glass Products Methods, Inc., 143 F.Supp. 248, 250 (S.D.N.Y.1956); Koons v. Kaiser, 91 F.Supp. 511, 517 (S.D.N.Y.), mandamus denied, Koons v. Kaufman, 187 F.2d 1023 (2d Cir. 1950), cert. denied, 340 U.S. 942, 71 S.Ct. 505, 95 L.Ed. 679 (1951). And "an individual can be a resident of only one district." 1 Moore, Federal Practice 1483–85 (2d ed. 1960).

lision or crash are not necessarily where the accident, in a broad sense, happened. Counsel argues, in his affidavit, that "therefore, the negligence of the defendant occurred between the airport and the holding station by way of faulty communication over parts of the County of New York within this Court's jurisdiction." Plaintiff's theory, ingenious as it may seem, is untenable.

The complaint alleges that the negligent acts or omissions occurred in the operation and control of the radar, radio and electronic facilities used by the aircraft involved in this accident. It alleges further that the collision occurred while the airplanes were receiving advice, directions, information and radar services from the government facilities. The facilities maintained by defendant are located in Queens County or in New Jersey. If the United States was negligent in the operation and control of these facilities, that negligence occurred where the facilities existed. The collision between the two aircraft occurred over Staten Island and the airplane on which plaintiff's son was a passenger crashed in Staten Island. The other airplane crashed in Brooklyn. Thus, it is clear from the complaint that no act or omission complained of occurred in the Southern District of New York.

*Request to Transfer*

Plaintiff requests that the court, in the event it finds a failure to comply with 28 U.S.C. § 1402(b), transfer the action to the appropriate district where it might have been brought pursuant to 28 U.S.C. §§ 1404(a),[3] (c),[4] and 1406(a).[5] Plaintiff has made no showing which would warrant this court in transferring under 28 U.S.C. § 1404(a). Moreover, transfer pursuant to § 1404(a) is usually ac-

complished by motion on notice and here the defendant airlines have not been afforded any opportunity to be heard on plaintiff's application. Section 1404(c) is clearly inapplicable since the Southern District of New York is not subdivided into divisions. The availability of transfer under § 1406(a) depends upon whether § 1402(b) is jurisdictional in nature or whether it is merely a venue statute. The answer to that question is not entirely free from doubt.

"The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Mayer v. Wright, 251 F.2d 178, 179 (9th Cir. 1958). The Federal Tort Claims Act is a waiver of sovereign immunity and a consent to be sued under certain terms and conditions. See Yankwich, Problems Under the Federal Tort Claims Act, D.C., 9 F.R.D. 143 (1949). As one of these terms and conditions Congress has seen fit to limit the place where suits against the United States may be brought. Although § 1402(b) is listed under the venue provisions of the Judicial Code, it may be argued that it goes, in effect, to the court's power to entertain the claim against the United States. And where jurisdiction is lacking, transfer pursuant to 28 U.S.C. § 1406(a) is unavailable. See Goldlawr, Inc. v. Heiman, 288 F.2d 579 (2d Cir.) cert. granted, 368 U.S. 810, 82 S.Ct. 33, 7 L.Ed.2d 19 (1961); Atlantic Ship Rigging Co. v. McLellan, 288 F.2d 589, 591 (3d Cir. 1961). On the other hand, it has been held that "the provisions of

3. "§ 1404. Change of venue. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

4. "§ 1404. Change of venue. (c) A district court may order any civil action

to be tried at any place within the division in which it is pending."

5. "§ 1406. Cure or waiver of defects. (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1402(b) (1952) plainly relate to venue and not to jurisdiction * * *." Abramovitch v. United States Lines, 174 F.Supp. 587, 591–592 (S.D. N.Y.1959); cf. Hoiness v. United States, 335 U.S. 297, 301–302, 69 S.Ct. 70, 93 L.Ed. 16 (1948).

This issue need not be resolved here, for even if transfer were available, plaintiff has not shown where such transfer would be in the interests of justice. Plaintiff is not barred from recommencing this action against the United States in the appropriate district. The accident which forms the basis of this action occurred on December 16, 1960. Plaintiff is thus well within the two-year statute of limitations. 28 U.S.C. § 2401 (b).

Since plaintiff is neither a resident of this district, nor has she persuaded this court that an act or omission occurred in this district, she has failed to comply with 28 U.S.C. § 1402(b). Accordingly, the motion of the United States to dismiss is granted.

Settle order on notice within ten (10) days.