**RCA RECORDS, A DIVISION OF RCA CORPORATION, Plaintiff,**

v.

**Joseph A. HANKS, National Bank of Commerce of Memphis, Tennessee, and Priscilla Presley, co-executors of the Estate of Elvis A. Presley, deceased, Thomas A. Parker, individually and d/b/a All Star Shows, and Blanchard E. Tual, Jr., Guardian Ad Litem for Lisa Marie Presley, Defendants.**

No. 81 Civ. 6594 (RLC).

United States District Court, S. D. New York.

Sept. 16, 1982.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff; David Goldberg, Sidney Kwestel, Karen Artz Ash, New York City, of counsel.

Parcher & Herbert, P. C., New York City for Presley Estate; Peter A. Herbert, New York City, of counsel.

Jack Magids, Memphis, Tenn., and Fulop & Hardee, New York City, for Thomas A. Parker; Arthur Kokot, David A. Newberg, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

RCA brought this interpleader action under 28 U.S.C. §§ 1335, 1397 and 2361, claiming that it owes certain royalty payments pursuant to an agreement between RCA and Elvis Presley and that by reason of existing adverse claims it cannot determine who is entitled to the monies.[1] The potential claimants are Thomas A. Parker, individually and doing business as All Star Shows; the three co-executors of Presley's estate, Joseph A. Hanks, the National Bank of Commerce of Memphis, Tennessee and Priscilla Presley (the "estate" or "co-executors"); and, Blanchard E. Tual, Guardian Ad Litem for Lisa Marie Presley (the "Guardian").

Presley's estate is being administered by the Probate Court of Shelby County, Tennessee. On July 31, 1981, the Guardian filed in that court a report which questioned the validity of the recording agreement at issue in the instant lawsuit.[2] In light of that report, the Probate Court ordered that no further payments be made by the estate to Parker and instructed the estate and the Guardian to institute litigation against Parker. Complaint ¶ 21. Such litigation, in which RCA is a party defendant, is pending in the Chancery Court of Shelby County, Tennessee.[3] Herbert Affidavit ¶ & exhibit B. These events have

---

1. Originally, there was a second cause of action based upon another alleged agreement among RCA, Presley, Parker and All Star Shows. RCA sought a declaratory judgment upholding the agreement as interpreted by RCA. The second cause of action was dismissed without prejudice by an order dated June 11, 1982.

2. The estate and the Guardian have asserted cross-claims against Parker in the instant action which derive from the same alleged violations of fiduciary duties which were noted in the Probate Court's report.

3. Parker initiated yet a third action in the state courts of Nevada arising from the same controversies. That action has since been removed to federal court. The co-executors and the Guardian are seeking to dismiss that action for lack of subject matter jurisdiction.

led RCA to believe "that the Estate, the Co-executors and/or the Guardian Ad Litem may seek to prevent RCA from making the $152,354.14 royalty payment due to All Star Shows ... and may claim those monies for the Estate." Complaint ¶ 22. RCA makes no claim to the fund. *Id.* at ¶ 24.

Defendant Parker moves, pursuant to Rule 12(b)(1), (2), F.R.Civ.P., to dismiss the interpleader action and the estate's cross-claims for lack of both subject matter and personal jurisdiction. Dismissal or, in the alternative, transfer to the federal district court in Nevada also is sought under 28 U.S.C. §§ 1404(a), 1406(a) on the ground that venue is improperly laid in this district. RCA opposes Parker's motion in its entirety. The co-executors and the Guardian request limited discovery for the purpose of investigating Parker's citizenship, but do not oppose the motion to dismiss. Herbert letter of July 20, 1982. These defendants claim that transfer to the district court of Nevada is inappropriate and that their action in Tennessee should resolve all the outstanding disputes among the parties. *Id.*

■ Subject matter jurisdiction in statutory interpleader actions rests on diversity of citizenship between any two adverse claimants and an amount in controversy of $500 or more. 28 U.S.C. § 1335; Wright & Miller, *Federal Practice and Procedure: Civil* § 1703 at 365 (1972). Complete diversity among claimants is not required, *General Atomic Company v. Duke Power Company,* 553 F.2d 53, 56 (10th Cir. 1977), and the citizenship of a disinterested stakeholder is immaterial. *Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Cavicchia,* 311 F.Supp. 149, 152 (S.D.N.Y.1970) (Lasker, J.). Diversity among the claimants is the only jurisdictional element contested in this action.

Parker claims that there can be no diversity of citizenship between himself and any other claimant because he is neither a citizen of any state nor a citizen of any foreign nation. RCA asserts that Parker remains a

citizen of The Netherlands absent sufficient proof to the contrary. As noted above, the estate seeks the opportunity to depose Parker in order to establish his Dutch citizenship. All of the parties overlook the possibility that diversity exists between two of the other adverse claimants.

In addition to Parker, the Guardian and the three co-executors of Presley's estate are named defendants. From the face of the pleadings, it appears that diversity exists among these claimants. Priscilla Presley, one of the co-executors, is a citizen of California, Complaint ¶ 5, while the other co-executors and the Guardian[4] are citizens of Tennessee. Statutory interpleader was held proper in the one case found by the court involving a similar configuration of claimants.

■ In *Haynes v. Felder,* 239 F.2d 868 (5th Cir. 1957), a disinterested Texas stakeholder brought interpleader "against two rival sets of claimants, consisting of a citizen of Texas on the one side, opposed by four *joint* claimants," three of whom were Texans and the fourth a citizen of Tennessee. *Id.* at 870. After an exhaustive and persuasive analysis of 28 U.S.C. § 1335, the court held that federal jurisdiction had been entertained properly. *Id.* at 876. Where co-executors, rather than descendants claiming jointly as next of kin, are involved, the *Haynes* opinion applies with more force because of the general rule that "the personal citizenship of an executor ... controls for purposes of diversity jurisdiction." *Buchheit v. United Air Lines, Inc.,* 202 F.Supp. 811, 813 (S.D.N.Y.1962) (Edelstein, J.). The diverse citizenship among the co-executors and/or between one co-executrix and the potentially adverse Guardian gives the court subject matter jurisdiction over plaintiff's interpleader action.

■ In the absence of the above independent basis for interpleader jurisdiction, the court would be unwilling to dismiss plaintiff's action. Stateless persons are not within the diversity jurisdiction of the fed-

---

**4.** For diversity of citizenship purposes, the Guardian's residence and not that of the child controls. *See Xaphes v. Mossey,* 224 F.Supp. 578 (D.Vt.1963).

eral courts. *Shoemaker v. Malaxa,* 241 F.2d 129 (2d Cir. 1957); *Haggerty v. Pratt Institute,* 372 F.Supp. 760, 761 (E.D.N.Y.1974); *Medvedieff v. Cities Service Oil Co.,* 35 F.Supp. 999, 1002 (D.C.S.D.N.Y.1940). Moreover, Parker has submitted enough evidence to overcome the presumption that his Dutch citizenship, established at birth, continues to the present time. *See Medvedieff, supra,* 35 F.Supp. at 1001 (affidavits of experts in foreign law sufficed to support loss of citizenship).[5] There is no merit in RCA's implicit attempt to shift to Parker the burden of proving the absence of jurisdiction, *Blair Holdings Corporation v. Rubinstein,* 133 F.Supp. 496, 498 (S.D.N.Y.1955) (Bicks, J.), but if Parker's Dutch citizenship was necessary for this court's jurisdiction, RCA and the estate would be granted the opportunity to depose him in order to contest his alleged stateless status. *Id.*

As a second basis for dismissal,[6] Parker argues that venue is improper in the Southern District of New York. A statutory interpleader action "may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. None of the claimants reside in this district. RCA attempts to overcome this apparent deficiency by invoking the general venue provisions of 28 U.S.C. § 1391(a) and the special provision for venue in actions against aliens, 28 U.S.C. § 1391(d).

■ The general venue provisions of § 1391(a), which apply to Rule 22, F.R. Civ.P., interpleader, are unavailable to RCA. A plaintiff may not reap the advantages of both forms of interpleader while escaping the burdens of each. Here, RCA relies on the statute to gain personal jurisdiction over Parker through the provision for nationwide service of process. 28 U.S.C. § 2361. Having accepted the benefits of the statute, RCA seeks to transform its action to a Rule 22 interpleader so as to validate its state of residence as a proper forum. The claimant-protecting function of 28 U.S.C. § 1397 cannot be so easily manipulated.

■■ Parker makes no direct response to RCA's argument under 28 U.S.C. § 1391(d). While RCA has not shown Parker to be a citizen or subject of a foreign nation for the purposes of diversity jurisdiction, it is clear that Parker is an alien. *See Black's Law Dictionary* at 95 (4th ed. 1968) (an alien is a "person born out of the United States and unnaturalized under our Constitution and laws"). Once alienage is established, § 1391(d) takes precedence over all other venue provisions. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.,* 406 U.S. 706, 714, 92 S.Ct. 1936, 1941, 32 L.Ed.2d 428 (1972). Because one of the claimants can properly be sued in this district, dismissal for inappropriate venue is not warranted.

---

**5.** There is a presumption that citizenship established by birth continues to the present. *Hauenstein v. Lynham,* 100 U.S. 483, 484, 25 L.Ed. 628 (1879); *Blair Holdings Corporation v. Rubinstein,* 133 F.Supp. 496, 499 (S.D.N.Y. 1955) (Bicks, J.). RCA's contention that this presumption is rebutted only by an affirmative act of revocation by the country of birth or a positive renunciation by the individual in question receives no support from the cases. While United States citizenship cannot be lost by the operation of law, *Haggerty v. Pratt Institute,* 372 F.Supp. 760, 761 (E.D.N.Y.1974), foreign nations are not restricted to our practice. Rather, it is the "inherent right of every independent nation to determine for itself . . . what classes of persons shall be entitled to its citizenship." *United States v. Wong Kim Ark,* 169 U.S. 649, 668, 18 S.Ct. 456, 464, 42 L.Ed. 890 (1898). If the Netherlands revokes citizenship automatically upon one's entering the armed services of another nation, *see* Smit affidavit ¶ 7, no affirmative act or positive renunciation need be shown to render Parker stateless. *See Medvedieff, supra,* 35 F.Supp. at 1001 (affidavits of legal experts sufficient to overcome presumption of continued citizenship).

**6.** Parker advances a third argument for dismissal of the estate's cross-claims. Personal jurisdiction over Parker in the interpleader action is valid because the statute authorizes nationwide service of process. 28 U.S.C. § 2361. That source of jurisdiction extends only to the dispute over the deposited fund. *See Humble Oil & Refining Company v. Copeland,* 398 F.2d 364, 368 (4th Cir. 1968). Neither the co-executors nor the Guardian have challenged Parker's contention that no other source of personal jurisdiction over him exists in this district. The cross-claims must be dismissed.

Transfer of this action to the district court in Nevada also is inappropriate. While the interpleader action could have been brought in Nevada under § 1391(d), there has been no showing that convenience or justice would be served by the requested transfer. None of the parties reside in Nevada. Moreover, the estate has raised serious questions as to its amenability to suit in that jurisdiction. There is no basis on which to exercise the court's discretion under 28 U.S.C. § 1404(a). From the papers submitted by all parties to date, it seems clear that Tennessee is the ideal forum for this lawsuit. Four of the five claimants, including Parker, reside there and RCA has substantial contacts with that forum. In the absence of a formal motion and a full opportunity for all parties to be heard on the issue, however, it would be inappropriate for the court to transfer the action to Tennessee *sua sponte.*

For the reasons set forth above, defendant Parker's motion to dismiss or transfer the interpleader action is denied and his motion to dismiss the estate's cross-claims is granted.

IT IS SO ORDERED.