## SHERMAN v. COLLIN et al.
### No. 927.

United States District Court,
D. Maine, S. D.

Dec. 29, 1953.

Walter M. Tapley, Jr., Portland, Me., for plaintiff.

William B. Mahoney, Portland, Me., Harold D. Carroll, Biddeford, Me., for defendants.

CLIFFORD, District Judge.

This matter came on to be heard upon separate Motions to Dismiss filed by each of the defendants in the above entitled matter. Present at the hearing were Walter M. Tapley, Jr., attorney for plaintiff, and William D. Mahoney and Harold D. Carroll, attorneys for defendants.

It appears from the records in this case that the Complaint was filed on August 29, 1952, in which it was alleged that plaintiff was a resident of New York, New York and that the defendants were residing at Kennebunkport, in the County of York and State of Maine.

It further appears that service was made upon the defendants at Kennebunkport, Maine.

It appears from the Affidavit attached to the Motion to Dismiss filed by defendant Marion Clapp Collin that she was born in Edgeworth, Allegheny County, Pennsylvania, and has resided in Edgeworth or neighboring Sewickley during her entire lifetime; that she owns property in these two communities; that her husband practices law in Pennsylvania; she has been a registered voter of Edgeworth; has always registered her cars and paid excise taxes and all local taxes in Pennsylvania; that she is a member of various clubs in Edgeworth and Sewickley; that she maintains bank accounts in Pennsylvania; and has filed her Federal Income Tax Returns with the Collector of Internal Revenue at Pittsburgh, Pa. The Affidavit further states that it has been the custom of the defendant for many years, to go to Kennebunkport, Maine for at least a part of the summer months of July and August; that the summer property which she owns in Kennebunkport was devised to her under the will of her father; and that the property is boarded up and unoccupied except for the summer months.

The Affidavit attached to the Motion to Dismiss filed by defendant George A. Elliott, Jr. states that he has resided in or adjacent to the city of Wilmington, Delaware since birth, a period of fifty-one years; that he is a registered voter in Delaware, and pays his Federal Income Tax to the Collector of Internal Revenue at Wilmington, Delaware; that he is a taxpayer in New Castle County, Delaware and has been engaged in business in the city of Wilmington, Delaware for the past twenty-five years. The Affidavit further states that he owns a summer residence in Kennebunkport, Maine; that he is not a citizen or resident of the State of Maine; and that he visits the State of Maine only for a period of approximately three weeks during his summer vacation, and for occasional weekends throughout the summer.

No evidence was offered by counsel for plaintiff to contradict the allegations contained in the Affidavits referred to above. The question raised on these motions concerns the provisions of Title 28 United States Code, § 1391(a), which states: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." It is the opinion of this Court that the sole question in this case is based upon the interpretation of the words "residing at Kennebunkport, Maine," as contained in the Complaint.

This Court believes that the law is well established concerning the interpretation of the wording of the section of the Code quoted above and that the word "reside" as used in said section means "domicile". It has been said that for venue purposes, a person is a resident only where he is a citizen and domiciled, and that the words "inhabitant" and "resident in" mean neither more nor less than legal domicile.

This Court finds that neither plaintiff nor defendants are residents of the District of Maine within the meaning of the Code.

It Is Therefore Ordered, Adjudged and Decreed that the Motions to Dismiss filed by the defendants in the above action. be and hereby are Allowed; and that the above entitled action be Dismissed, without prejudice, and without costs.