Columbus SMITH

v.

Edmund W. BAIN.

No. 4938.

United States District Court
M. D. Pennsylvania.

Sept. 3, 1954.

As Amended Sept. 24, 1954.

Berman & Richard, Upper Darby, Pa., for plaintiff.

Dowling, Lock & Saye, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

In this action filed April 10, 1954, plaintiff seeks to recover from defendant damages for personal injuries alleged to have been sustained by him in an automobile accident near Ashland, Virginia, on December 25, 1952. The complaint alleges that plaintiff is a citizen of New York and defendant a citizen of Florida. It also charges defendant with negligence in the operation of his automobile and that such negligence was the cause of plaintiff's injuries. The Marshal's return indicated service on defendant at the United States Army Disciplinary Barracks, New Cumberland, Pennsylvania.

Defendant has moved to dismiss for the following reasons:

"1. To dismiss the above-captioned action because the Complaint fails to state a claim against the defendant upon which relief can be granted, for the reason that the said Complaint upon its face indicates that the same was filed on April 10, 1954, thereby instituting suit, whereas the cause of action arose in Virginia on December 25, 1952. The Statute of Limitations in the State of Virginia for actions to recover damages for personal injuries provides that the same must be brought within one year from the time such injuries were inflicted.

"2. To dismiss the action on the ground that it is in the wrong district because of improper venue, the plaintiff being a citizen of the State of New York, the defendant being a citizen of the State of Florida, and the cause of action having arose (sic) in the State of Virginia."

Plaintiff concedes that the second ground of the motion is well taken and that the action is in the wrong district because of improper venue. While admitting that venue has been laid in the wrong district, plaintiff argues that a dismissal is not required under the circumstances but rather that the Court should in the interest of justice transfer the action in accordance with the provisions of 28 U.S.C. § 1406(a). This section (captioned "Cure or waiver of defects") provides:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In opposing defendant's motion to dismiss, plaintiff attaches to his brief, allegedly under the provisions of Rule 43(e), Federal Rules of Civil Procedure, 28 U.S.C., affidavit of his counsel of record attesting that the letter attached thereto was a true and correct copy of letter received by him from defendant. In this letter defendant indicated his purpose to live either at Newark, New Jersey, or Atlantic City, New Jersey, after he secured his release from his present confinement and his willingness to come to New York. This letter was in reply to one forwarded to him by counsel for plaintiff and which is not before us.

The Revisers stated that § 1406(a) "(prior to 1949 amendment) provides statutory sanction for transfer instead of dismissal, where venue is improperly laid." The 1949 amendment to this subsection added the following words, "dismiss, or if it be in the interest of

justice". However, the scope of the transfer is "to any district or division in which it could have been brought."

■ Plaintiff urges that in the interest of justice the case be transferred to the Southern District of New York, apparently on the theory that defendant has waived his rights under the venue statute and has consented to be sued in that district. I find nothing in defendant's letter to suggest that his willingness to present himself in New York was for the purpose of service. It might just as conceivably have been for the purpose of discussing the case with the thought of an amicable adjustment in mind.

I am convinced that a transfer as requested under 28 U.S.C. § 1406(a) to the Southern District of New York cannot be authorized and, even if it could, that there is no impelling reason to warrant such a transfer in the interest of justice.

■ Defendant has also moved for dismissal on the pleadings, setting up the Virginia Statute of Limitations of one year as a bar to the action.

While the suit is timely under the two year ·Pennsylvania Statute of Limitations, the Act of 1895, P.L. 375, § 1, 12 P.S. § 39, frequently called the "Borrowing Act," requires the use of the Virginia Statute of Limitations. The Pennsylvania "Borrowing Act" provides:

> "When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

Virginia's Statute provides: a one year limitation for an action of this nature.

Therefore, the action having been barred by the laws of Virginia, such bar is a complete defense to this suit.[1]

Motion to dismiss the complaint will be granted.

---

1. Hartmann v. Time, Inc., 3 Cir., 166 F. 2d 127, 135, 1 A.L.R.2d 370; Karagianis v. Shaffer, D.C.W.D.Pa., 96 F.Supp. 211.