Mrs. Shirley Ann FINGER, by her next friend and husband Joe Finger, Plaintiff, v. Charles M. MASTERSON, Defendant. Civ. A. No. 2106.

United States District Court
W. D. South Carolina,
Greenville Division.
May 15, 1957.

Herman E. Cox, Thomas A. Wofford, Greenville, S. C., for plaintiff.

O. G. Calhoun, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant to dismiss the complaint upon the ground "in pursuance with Title 28, Section 1391(a) U.S.C.A. * * * that venue does not lie in South Carolina, the plaintiff being a citizen and resident of Tennessee, and the defendant a citizen of California presently in Illinois where he was served with the summons and complaint in this action."

Plaintiff is a resident of the State of Tennessee. The defendant is a citizen of California, presently on active duty in the United States Air Force. He was stationed at Donaldson Air Force Base in Greenville, South Carolina, in the Western District of South Carolina, when an accident occurred on a South Carolina highway out of which the cause of action for personal injuries in this case arose. The summons and complaint were served upon the Secretary of State as agent of the defendant, under the provisions of the South Carolina Nonresident Motorist Service Statute, Code 1952, § 10-431, who mailed the summons and complaint to the defendant at Chanute Air Force Base, Illinois. Jurisdiction is claimed upon the ground of diversity of citizenship.

28 U.S.C.A. § 1391(a) provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

For venue purposes a person is a resident only where he is a citizen and domiciled, or where he makes his home; residence does not arise out of a transitory abode or out of a temporary sojourn in a place other than that of residence or domicile.

The mere fact of entry of one into the military service is not enough to show an intention of abandoning a former usual place of abode; it is presumed that the service man has the intention to return to his home, unless the contrary is shown.

The plaintiff in this case is not a resident of the Western District of South Carolina; the defendant in this case is not a resident of the Western District of South Carolina.

While the service of the summons and complaint under the Nonresident Motor-

226

ist Service Statute may be valid, such service does not obviate the requirements of 28 U.S.C.A. § 1391(a), wherein it is provided that the action can be brought "only in the judicial district where all plaintiffs or all defendants reside". Olberding v. Illinois Central R. Co., Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39.

It is my opinion, therefore, that the motion to dismiss should be granted, and

It is so ordered.