Carl W. SCHULTZ and Donald K. Schultz,
a Minor, p.p.a., Plaintiffs,

v.

Jesse S. McAFEE and Robert McAfee,
a Minor, Defendants.

No. 1006.

United States District Court
D. Maine, S. D.

March 20, 1958.

Robert C. Zampano, East Haven, Conn., Philip M. Isaacson, Lewiston, Me., for plaintiffs.

Burns, Calderwood & Bryant, Dover, N. H., for defendants.

GIGNOUX, District Judge.

This ruling arises following a hearing before this Court upon the issue of improper venue as tendered by defendants in their answer, it having been previously determined that the venue question

should be disposed of prior to any trial of the case upon its merits.

Plaintiffs are residents and citizens of New Hampshire. By complaint filed and served on July 13, 1953, they instituted this action against defendants, an adult and his minor son, to recover damages resulting from personal injuries sustained by the son through the negligence of defendants on April 29, 1953. Defendants were alleged in the complaint to be residents and citizens of Maine. The complaint alleges that the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs, and jurisdiction is based solely on diversity of citizenship. 28 U.S.C.A. § 1332.

Defendants seek dismissal of the action on the ground that they were not residents or citizens of the State of Maine at the time of service of the complaint, and that the venue is, therefore, improper under 28 U.S.C.A. § 1391(a), because neither plaintiffs nor defendants were at such time residents of the State of Maine. Plaintiffs deny that the venue is improper and further assert that defendants have waived their right to interpose improper venue as a defense by their earlier participation in the case. Plaintiffs also contend that even if the venue is improper and the defense has not been waived, the appropriate disposition by this Court is not dismissal of the action, but transfer to another and proper district court pursuant to the provisions of 28 U.S.C.A. § 1406(a). By waiver filed subsequent to the hearing, defendants have waived any right they might have to transfer of the action to another district in the event that this Court should conclude that the venue is improper and has not been waived, but that transfer of the action, rather than its dismissal, would be in order.

A somewhat detailed discussion of the prior pleadings and other proceedings in this action, which has been pending in this Court for almost five years, is necessary for an understanding of this opinion.

As indicated, the complaint was filed and served on July 13, 1953. On July 29, 1953, defendants filed a pleading entitled "Defendants' Special Appearance and Motion to Dismiss," in which they moved to dismiss the complaint for insufficient service of process, on the ground that Mrs. Jesse S. McAfee, wife of the adult defendant and mother of the minor defendant, upon whom the service has been made, was not authorized to accept service for defendants. On August 25, 1953, this Court, Clifford, J., presiding, acting on the *ex parte* petition of the United States Marshal, permitted the return on service of writ to be amended to read that service had been made by leaving a copy of the complaint at defendants' last and usual place of abode. This order contained a specific finding that the amendment would not change the type or manner of service made, was solely for the purpose of correcting an omission in the return and would not prejudice any substantial rights of defendants.

On October 2, 1953, defendants filed a pleading entitled "Defendants' Special Appearance and Motion for Enlargement of Time for Filing Answer," in which they objected to the *ex parte* order permitting amendment of the marshal's return and asked for an enlargement of time for filing answer "until such time as it has been determined and adjudicated that the Court has jurisdiction over the defendants." No action was taken by the Court with respect to this motion.

On December 5, 1953 defendants filed a pleading entitled "Defendants' Answer and Motion to Dismiss," in which they denied generally all the allegations of the complaint, including the Maine residence and citizenship of defendants, and moved to dismiss the complaint. No specific grounds for the motion to dismiss were stated.

On March 22, 1954 defendants filed a document entitled, "Defendants' Memorandum of Law in Support of Motion to Dismiss," in which they repeated their contentions with respect to improper

service of process and, for the first time, specifically raised the defense of improper venue.

After a lapse of three and one-half years, the delay being largely the result of the vacancy on this Court, a hearing was scheduled on September 24, 1957, before Delehant, J., serving by assignment, upon the assumption that a motion to dismiss for improper venue had been tendered by defendants and was ready for ruling. By memorandum filed September 30, 1957, the Court found that no formal motion to dismiss for improper venue had been filed by defendants, but that defendants had tendered the issue of improper venue in their answer and were entitled to hearing thereon. An order was entered directing that a hearing be held as to the issue of improper venue prior to any trial of this action on its merits.

In compliance with such order, hearing was held before this Court on December 23, 1957. This opinion is based on the evidence adduced at this hearing, on the pleadings and on the waiver of right to transfer filed by defendants.

The evidence introduced at the hearing shows conclusively that the adult defendant, Captain Jesse S. McAfee, U. S. N., entered the United States Naval Academy in 1927 from Waco, Texas, where he was residing with his parents; that from that time until July 13, 1953 (date of service in the instant case) he had never established any other permanent residence, but was constantly being shifted by the Navy; that his visits to Texas were infrequent, but always to his parents' home; that his parents moved several times but always remained within the State of Texas; that no room was permanently set aside for him at his parents' home; that he always considered Texas as his home; that he maintained a Texas driver's license and registered his car in Texas; that he never voted, because Texas did not allow servicemen to vote by absentee ballot until 1955; that he owned no residence prior to the date of service in this case; that his residence in Maine had been in Government quarters and ancillary to his naval service at the Portsmouth Naval Shipyard in Kittery, Maine; that such residence had been terminated on the day following service of summons because of prior orders of transfer to a new station at Guam; and that his son Robert, the other defendant, was at the time of service a minor residing with his parents.

From the foregoing, it is clear that at the time of service the domicile of both defendants was Texas, and not Maine. Yarborough v. Yarborough, 1933, 290 U.S. 202, 211, 54 S.Ct. 181, 78 L.Ed. 269; Mangene v. Diamond, 3 Cir., 1956, 229 F.2d 554; Price v. Greenway, 3 Cir., 1948, 167 F.2d 196; Finger v. Masterson, D.C.W.D.S.C.1957, 152 F. Supp. 224; see, Restatement, Conflict of Laws, §§ 21(c) and 30(c).

And it is domicile which decides the proper venue in this action, for 28 U.S.C.A. § 1391(a) provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

and "reside" means "are domiciled." Sherman v. Collin, D.C.Me.1953, 117 F. Supp. 496.

Thus, plaintiffs being domiciled in New Hampshire and defendants being domiciled in Texas, venue is improper by the terms of 28 U.S.C.A. § 1391(a). This is so even though, as in the instant case, the service of the summons and complaint may have been proper. Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; Finger v. Masterson, supra.

Venue, however, may be waived. See Olberding v. Illinois Central R. Co., supra, 346 U.S. 340, 74 S.Ct. 85, and such waiver may be accomplished impliedly as well as expressly. Neirbo Co. v. Bethle-

hem Shipbuilding Corp., 1939, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167.

There has quite clearly been no express waiver in the instant case, and this Court would, therefore, ordinarily next consider whether or not there has been an implied waiver by defendants under the provisions of Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., because of the earlier filed motions to dismiss for improper service of process, and for enlargement of time; or under the provisions of 28 U.S.C.A. § 1406(b) because of defendants' failure to interpose "timely and sufficient" objection to the venue. For the reasons hereinafter set forth, however, this Court has concluded that even if the defense of improper venue has not been waived by defendants, this case should not be dismissed, but should be transferred to a proper district under 28 U.S.C.A. § 1406(a). In view of defendants' waiver of right to transfer, it therefore becomes unnecessary to determine whether or not there has been a waiver of venue, and the Court will assume that it has not been waived as a defense.

28 U.S.C.A. § 1406(a) provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Prior to the enactment of § 1406(a) the federal district courts did not possess the power to order the transfer of a case to another district and were required to dismiss actions for improper venue, regardless of any resulting injustice to the parties. See Brown v. Heinen, D.C. Minn.1945, 61 F.Supp. 563, 564, and cases cited.

■ Under § 1406(a), however, it is within this Court's power, in the interest of justice, to order the transfer of this case to a district court in Texas, where both defendants reside, or in New Hampshire, where both plaintiffs reside, for under 28 U.S.C.A. § 1391(a) venue would have been proper in either jurisdiction. Apart from defendants' waiver of right to transfer, such a transfer would have been ordered "in the interest of justice" under the circumstances of this case. As has been indicated, this action has been pending in this Court for nearly five years. This untoward delay has been the result of circumstances beyond the control of either the Court or the parties, and certainly has not been the fault of these plaintiffs. Because of the lapse of time since the occurrence of the alleged injury, statutes of limitation and other legal bars may well preclude the bringing of a new action by these plaintiffs in another jurisdiction. To dismiss the action at this late date and thus in all probability to deprive the plaintiffs of their day in court because of "the law's delay" would most certainly result in a great injustice. For these reasons, even assuming that the defense of improper venue had not been waived by defendants, this Court in the exercise of the discretion conferred upon it by § 1406(a) would have ordered its transfer to a proper jurisdiction "in the interest of justice."

■ Defendants, however, have objected that this Court does not have power under § 1406(a) to order the transfer. The basis of their contention is that defendants were not at the time of service of the complaint, and are not presently amenable to service of process in either New Hampshire or Texas, and hence neither New Hampshire nor Texas is a jurisdiction in which this action "could have been brought" within the requirements of § 1406(a). In support of this contention defendants rely upon the construction placed upon the meaning of the phrase "where it might have been brought" as used in 28 U.S.C.A. § 1404 (a)[1] in Foster-Milburn Co. v. Knight,

---

1. Section 1404(a) reads in full as follows: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2 Cir., 1950, 181 F.2d 949, and in Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777, in which the Courts of Appeals for the Second and Ninth Circuits held that a transfer cannot be granted to a district in which defendants are not amenable to process.[2]

Section 1404(a) has been otherwise authoritatively construed by the Court of Appeals for this circuit in the case of In re Josephson, 1 Cir., 1954, 218 F.2d 174. Speaking of the interpretation to be given to § 1404(a), the Court in Josephson says (218 F.2d at page 184): "Hence it seems to us that the obvious purpose of the phrase 'where it might have been brought', as used in § 1404(a), is to authorize the transfer of a civil action to the district court of any judicial district having jurisdiction over the subject matter and proper venue, provided the transfer is found to be for the convenience of parties and witnesses and in the interest of justice." In reference to the Foster-Milburn and Shapiro cases, the Court says (218 F.2d at page 185): "These decisions have been criticized, we think justly, in a Note, Curtailing the Scope of 1404(a)—Round Two, 60 Yale L.J. 183 (1951)." While in Josephson the transfer was requested by defendants who had waived any question of venue and jurisdiction and had agreed to appear in the forum to which the case was transferred, the Court, 218 F.2d at pages 185–186, refers to this waiver as "probably superfluous * * * for they were already subject to the personal jurisdiction of the United States District Court for the District of Massachusetts by the service of process upon them, and this personal jurisdiction over them was transferred to the United States District

Court for the District of New Mexico by the effect of the transfer order."

This Court has no doubt that under Josephson the phrase "where it might have been brought" as used in § 1404(a) and the phrase "in which it could have been brought" as used in § 1406(a) must be construed, in this circuit at least, to authorize the transfer of an action, under the circumstances set forth in these sections, to the district court of any judicial district having jurisdiction over the subject matter and proper venue, even though the defendants would not originally have been amenable to process in such district. The District Court of Massachusetts felt compelled to adopt this construction of § 1404(a) in Troy v. Poorvu, D.C.Mass.1955, 132 F.Supp. 864. This Court feels that Josephson must be equally applicable to § 1406(a) because the language of both sections in this regard is identical and must be similarly construed.[3] Cf. Kostamo v. Brorby, D.C.Neb.1951, 95 F.Supp. 806, 809.

For the reasons stated, this Court is of the opinion that this clearly is a case in which it has the power and in which the interest of justice would require a transfer to a proper jurisdiction under the provisions of § 1406(a). The defendants having apparently recognized the inconvenience of such a transfer to all the parties, and consequently having waived the question of venue insofar as it might give them a right to have the case transferred to another jurisdiction, it is, therefore, ordered that this case be retained for disposition within this district and that it be set down for trial on the merits at the April, 1958 Term of this Court.

2. A similar conclusion as to the construction of § 1404(a) has been reached by the great majority of the district courts which have considered the question. See, e. g., Mitchell v. Gundlach, D.C.Md.1955, 136 F.Supp. 169, and cases cited in footnote 1 on page 172.

3. Section 1404(a) and § 1406(a) are contained in the same chapter of the Judicial Code, dealing with venue in the district courts.