Larry JOHNSON, a minor by his parent and natural guardian, Jess Johnson and Jess Johnson in his own right

v.

Doctor Albert ZAREFOSS, Nettie Zarefoss, a/k/a Mrs. A. H. Zarefoss and Larry Zarefoss.

Civ. A. No. 29606.

United States District Court
E. D. Pennsylvania.

Sept. 29, 1961.

Fred Lowenschuss, Snyder & Lowenschuss, Philadelphia, Pa., for plaintiffs.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendants.

JOHN W. LORD, Jr., District Judge.

This matter arises out of an automobile accident that occurred in Somerset Pennsylvania, which resulted in injuries to the plaintiff, Larry Johnson. Jurisdiction is grounded on diversity of citizenship and the jurisdictional amount.

Somerset, Pennsylvania, is in the Western District of Pennsylvania. There is no contradiction of the fact that all defendants are citizens and residents of Somerset, Pennsylvania.

According to the complaint, plaintiffs are citizens and residents of Illinois. Defendants have moved to dismiss, citing the first clause of the statute having to do with venue in the District Courts of the United States, Title 28 U.S.C.A. § 1391(a); June 25, 1948, c. 646, 62 Stat. 935:

> "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Plaintiff Larry Johnson resists the motion, asserting that he was stationed at Philadelphia, in the Eastern District of Pennsylvania, at the time suit was filed on May 10, 1961. More specifically, he asserts by affidavit and answers to his own interrogatories that he was a sailor in the United States Navy from November 5, 1959 to May 16, 1961 and says that during that time:

> "I resided at the U. S. Naval Hospital, Philadelphia, Pennsylvania, where I was stationed until my discharge on May 16, 1961."

To avoid technicality, the plaintiff's answers to his own interrogatories are simply treated as an affidavit. That concession, however, does not serve to make his position tenable to any extent whatsoever. In order to reach the heart of this problem, for that matter, several other delicate problems are bypassed. For instance, there could be serious question as to the necessity of dismissing the father Jess Johnson in his own right as plaintiff in view of his Illinois residence were plaintiff's present contentions to be upheld. Further, there could well be another issue as to estoppel or waiver of the right to assert Eastern District residence by virtue of the claim of Illinois residence in the complaint. There is no need to go into those matters, however,

for the simple reason that plaintiff has in fact made no showing of residency in the Eastern District of Pennsylvania.

The term *reside* as used in the quoted section is the crux of the present problem. Several years ago, referring to the word as used in another statute, Judge Goodrich used the following apt language:

"  *  *  *  The words 'resident' and 'residence' have no precise legal meaning although they are favorite words of legislators. Sometimes they mean domicile plus physical presence; sometimes they mean domicile; sometimes they mean something less than domicile * *." Willenbrock v. Rogers, 3 Cir., 1958, 255 F.2d 236, 237.

In a number of federal districts, the *residence* reference in this venue section has indeed been held to be synonymous with citizenship and domicile. Champion Spark Plug Company v. Karchmar, D.C. S.D.N.Y.1960, 180 F.Supp. 727, 729; Schultz v. McAfee, D.C.D.Me.1958, 160 F.Supp. 210, 212; Finger v. Masterson, D.C.W.D.S.C.1957, 152 F.Supp. 224, 225; Shaffer v. Tepper, D.C.D.Ky.1955, 127 F.Supp. 892, 894. It is not necessary to go so far for the purposes of the present matter, however. It is at least clear that the simple circumstance of being stationed at a Naval Hospital for 18 months is not the equivalent of *residence* for these purposes. Speaking of another statute, the United States Supreme Court quoted language which is applicable here:

"We shall not try to define what is the necessary attitude of mind to create or retain a residence under this statute, and how it differs from the choice of a 'home,' which is the test of domicile. Frankly it is doubtful whether courts have as yet come to any agreement on the question. But there is substantial unanimity that, however construed in a statute, residence involves some choice, again like domicile, and that presence elsewhere *through constraint* has no effect upon it." McGrath v.

Kristensen, 1950, 340 U.S. 162, 175, 71 S.Ct. 224, 232, 95 L.Ed. 173, quoting Neuberger v. United States, 2 Cir., 1926, 13 F.2d 541, 542, Hand, J. [Emphasis supplied.]

▮ As to citizenship and domicile, the cases are clear that the serviceman's status in that respect is unchanged by virtue of his entering military service and being assigned to duties in another state. Price v. Greenway, 3 Cir., 1948, 167 F.2d 196, 199; Seegers v. Strzempek, D.C.E.D.Mich.1957, 149 F.Supp. 35, 36; Humphrey v. Fort Knox Transit Company, D.C.W.D.Ky.1945, 58 F.Supp. 362, 364.

▮ Assuming domicile is not the test under the venue statute, however, it is at least clear that something more than mere physical presence in the district is required. Stacher v. United States, 9 Cir., 1958, 258 F.2d 112.

There are other cases which serve to illustrate the foregoing point, but the Stacher case, just cited, was chosen for convenience, since plaintiff has elected it as the keystone of his argument, introducing it as follows:

"The most recent pronouncement on the definition of the word 'residence' within the Federal Venue Statute 28 U.S.C.A. 1391 was in Stacher v. United States (9 Cir.Cal. 1958) 258 F.2d 112 wherein the court stated that the term residence and the term domicile were not synonymous. 'Reside as used in the federal statute differs from domicil; latter term involving intent, while "reside" involves only an actual place of abode.' "

The last sentence, purportedly a quotation, cannot be found in the opinion after a careful search of the lengthy opinion. Instead, the following ambiguous or at least innocuous statement appears at page 116:

"We accept appellant's position that there is an essential difference between 'domicile' which generally involves intent, and 'residence' which generally involves an actual place of

abode. With this position the government agrees. We are then, not concerned with 'intent.' "

Further, in the Stacher case, the Court of Appeals for the Ninth Circuit went to great pains to analyze the District Court's findings of fact as to residence. As may be seen at pages 116 to 119, the most searching scrutiny is given to all the circumstances surrounding the activities of defendant Stacher. The latter had lived in New Jersey for 38 years prior to 1953, continued to receive wages from New Jersey corporations, and still owned his Newark homestead at the time suit was brought. Physically, he was in Reno or Las Vegas, Nevada, at the crucial times— and was conducting substantial business dealings there. Palm Springs and Beverly Hills, California, proved to be his residence, however.

Analysis of the factors leading to the court's ruling in that case shows that the test for residence was not different from that which this Court intends to apply here—that is,—something more than mere physical presence, and something less than domicile. Thus it will be seen that had the court in the Stacher case, construing three statutes which contained the words *reside* or *resident*, been concerned primarily with intent, defendant Stacher would doubtless have been held to be a New Jersey resident. Had actual place of abode been the essence, he would have been a "resident" of Nevada. Instead after a complete analysis of his activities during the time in question, the residence was found to have been in Southern California.

■ Other grounds of argument raised by the plaintiff must likewise be disapproved. Without conceding wrong venue, he argues convenience to the parties, citing DeGeorge v. Mandata Poultry Co., D.C.E.D.Pa.1961, 196 F.Supp. 192, opinion by Wood, J. Such argument might be appropriate to a motion to transfer—but would require support in the record beyond mere conclusory assertions of a pleader.

A case already cited was urged as supporting plaintiff's position, Champion Spark Plug Company v. Karchmar, D.C. S.D.N.Y.1960, 180 F.Supp. 727. It held that dismissal of one or more defendants for improper venue did not require dismissal as to remaining defendants. That proposition is not helpful here. True, it has been assumed that if plaintiff were able to maintain venue in this district, dismissal of the separate suit of Jess Johnson (of Illinois) in his own right would follow—but the ruling of this Court is that Larry Johnson did *not* reside in the Eastern District of Pennsylvania at the time suit was filed.

A suggestion of waiver of objection to venue by one of the defendant interests has been made. Smith v. Bain, D.C.M.D. Pa.1954, 123 F.Supp. 632 is urged as intimating that if a certain letter from a defendant to counsel had been more explicit it might have amounted to a waiver.

■ In the present case a letter has been written to this Court to the effect that an interest represented by counsel who has been present without taking part in the defense would have no objection to the forum. The hint is too subtle to amount to a waiver. It is not possible for a court to make distinctions between the wishes of the defendant which it sees before it and some other part of the defendant personality which has been split off and appears or observes by silent counsel. While sympathetic to counsel who must operate under the most frustrating limitation imaginable for a lawyer, a ban on speech, a court must rule only on the clear cut motions and objections of the parties before it.

This Court has been asked to dismiss the present complaint for improper venue. For the foregoing reasons, the motion is granted. The ruling of this Court is, therefore, that the complaint filed in this action shall be dismissed and it is so ordered.