**Robert BOTERO, Plaintiff,**

v.

**UNITED STATES of America, DEPARTMENT OF TREASURY and Internal Revenue Service, Defendants.**

**No. 81–957–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

March 29, 1983.

---

Marc A. Kuperman, Coral Gables, Fla., Luis de la Cruz, Miami, Fla., for plaintiff.

Randall Roden, Tax Div., Justice Dept., Washington, D.C., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING AND ORAL ARGUMENT AND ENTERING FINAL ORDER OF DISMISSAL AND MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE is before the Court on Plaintiff's Motion For Rehearing and Oral Argument on Defendants' Motion To Dismiss Action For Improper Venue. Having reviewed the record and being otherwise duly advised, it is hereby,

ORDERED AND ADJUDGED that the Plaintiff's Motion For Rehearing and Oral Argument is DENIED, and Final Order of Dismissal is hereby entered.

On October 2, 1981, this Court entered an Order Dismissing Action Against Defendants Department of Treasury and Internal Revenue Service and Dismissing Action For Improper Venue. In granting Defendants' Motion To Dismiss For Improper Venue, the Court considered the applicability of the venue provisions contained in Title 26, United States Code, § 7429 to an alien who is presently living in the Southern District of Florida.

This is an action for judicial review of a termination assessment of income tax against plaintiff. The government asserts that this Court lacks venue of an action for judicial review by an alien plaintiff. The government argues as follows:

Pursuant to Title 26, United States Code, § 7429(e) of the Internal Revenue Code of 1954 and Title 28, United States Code, § 1346(e) and Title 28, United States Code, § 1402(a)(1), the Court lacks venue of this action for judicial review by an alien plaintiff. Section 7429(e) provides:

(e) Venue.—A civil action under subsection (b) shall be commenced only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code.

Section 1402(a)(1) is the relevant provision here and it provides:

United States as defendant.

(a) Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

(1) Except as provided in paragraph 2, in the judicial district where the plaintiff resides;

■ As applied here the government notes plaintiff is a Columbian national with an alien registration number. According to the government, residence for venue purposes is synonymous with citizenship for purposes of diversity jurisdiction and an alien does not reside within a judicial district of the United States. This Court agrees. Therefore, venue is improper in the district court under title 28, United States Code, § 1402(a)(1).

There are a number of cases which shed light on the above analysis. For instance, in *Ott v. United States Board of Parole,* 324 F.Supp. 1034 (W.D.Mo.1971), venue for a prisoner, who was seeking a mandamus to compel the board of parole to issue a parole, was found improper. The Court examined the appropriate statute in that case, 28 U.S.C. § 1391(e) and found that the word resides refers to domicile. Moreover, the district court noted that the only "conceivable showing on which venue might be proper in this district is that plaintiff resides in this district." *Id.* at 1037. Since a federal or state prisoner retains as his domicile that which he had before his imprisonment and the prisoner did not claim domicile in the district where the court sat, venue was improper.

In *Shaw v. United States,* 422 F.Supp. 389 (S.D.N.Y.1976), the district court concluded that plaintiffs, who were nonresident citizens, did not "reside" in the Southern District of New York as the term is used in 28 U.S.C. § 1402(a)(1). *Id.* at 340. In *Shaw,* the plaintiff brought an action to recover federal income taxes pursuant to 28 U.S.C. § 1346(a)(1). The government moved to have the case dismissed or transferred to the Court of Claims because of improper venue.

The court in *Shaw* reviewed the facts which revealed that during the years immediately preceding the suit the plaintiffs resided abroad and claimed on their federal income tax forms that they were nonresident citizens.

The court in *Shaw* acknowledged that "residence," as used in the Judicial Code referred to natural persons, as synonymous with "domicile." Id. at 340. Since the Shaws dwell abroad and attest that they are nonresident citizens, the Court found them lacking the intent to remain indefinitely in the district which is required to establish domicile.

Another case on point is *Malajalian v. United States,* 504 F.2d 842 (1st Cir.1974). In *Malajalian,* a nonresident alien instituted a suit for refund of amount seized pursuant to two jeopardy assessments. The district court dismissed his complaint for improper venue, and the court of appeals affirmed. Id. at 843.

The court of appeals examined the relevant case law and legislative history and determined that the taxpayer's status as an alien precluded venue in the district court. The cases which involved special venue provisions or ·where the claimant would have no forum in which to sue were distinguished. Since the taxpayer in *Malajalian* may repair to the Court of Claims to press his suit, the court of appeals found he had an alternative forum in which his alienage would pose no obstacle. *Id.* at 844.

Although the plaintiff here does not have the alternative to sue in the Court of Claims, he can litigate his tax liability in the Tax Court prior to full payment of the tax assessment. *See.*Title 26, United States Code, § 6851(b), § 6212, and § 6213 of the Internal Revenue Code. In the alternative, the taxpayer may pay the tax assessed and file a claim for refund and upon disallowance of his claim or expiration of the required six months he may bring a suit in the Court of Claims.

The government indicates that Title 26, United States Code § 7429 was added as part of the 1976 Tax Reform Act and that Congress intended the same venue provisions to apply for 7429 actions as for tax refund cases. The government contends that the use of such a venue provision was reasonable even though it limits the choice of forum for an alien who is a natural person. According to the government, the distinction by Congress between aliens and citizens for venue purposes is a rational one. The jeopardy and termination assessment provisions were included in the Internal Revenue Code to help prevent evasion of federal taxes through secretion of assets and transfers of property beyond the reach of federal law and federal agencies.

█ The plaintiff argues that the defendants' interpretation of § 7429 represents a taking of its property without due process of law and a denial of equal protection of the law as guaranteed by the Constitution of the United States. Although plaintiff is correct that resident aliens have fifth amendment rights and may not be deprived of life, liberty or property without due process of law, *Kwong Hai Chew v. Colding,* 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576 (1952), this Court finds that since the resident alien has a remedy by litigating in the Tax Court and the Court of Claims he is not deprived of due process or equal protection of law.

The standard for testing the constitutionality of Congressional enactments is the rational relation test. *Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976); *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). Clearly there is a rational basis for Congress to distinguish between resident aliens

and citizens for the purpose of venue. Aliens are more likely to have contacts outside the country and opportunities to remove assets from the United States and escape taxation. Congress could rationally believe that aliens who are residents in this country but have not chosen or are unable to become citizens and have been determined by the Internal Revenue Service to be appropriate subjects for jeopardy and assessment should be treated differently from citizens.

At the time Congress adopted the venue provision existing case law had already determined that an alien could not satisfy the venue requirements for an action in district court under 28 U.S.C. § 1402(a)(1). Congress did not decide to change that determination and the law remains the same today.

Finally the Court notes that there is no constitutional right to judicial review. It is provided by Congress. If a taxpayer is unable to get judicial review under § 7429 he is not deprived a constitutional right but is denied a hearing because Congress chose not to provide one.