**Frederic G. KRAPF, Jr., et ux., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–82 LON.**

United States District Court, D. Delaware.

March 21, 1985.

Robert E. Schlusser, Steven J. Stirparo, Schlusser & Reiver, Wilmington, Del., for plaintiffs.

Richard G. Andrews, U.S. Atty's Office, Wilmington, Del., Michael J. Salem, U.S. Dept. of Justice, Washington, D.C., for defendant.

OPINION

LONGOBARDI, District Judge.

In this action, Plaintiffs, Frederick G. Krapf, Jr. and June B. Krapf, seek a refund of certain federal income taxes paid to the United States between 1976 and 1979. Presently before the Court is the United States' motion to dismiss because of improper venue.

The dispute in this case concerns the value of 26,000 shares of common stock of Mechtron Industries, Inc. which the Plaintiffs donated to the University of Delaware in 1976. The Plaintiffs claim that the Mechtron stock should be valued at $10.00 per share or $260,000 and that they are entitled to a charitable deduction in that amount. The United States contends that the stock is worth much less than the value attributed to it by the Plaintiffs.

Under the provisions of 28 U.S.C. § 1402(a)(1), the proper venue for a suit for a federal tax refund lies only in the judicial district in which the plaintiff resides.[1]

---

**1.** The statute states in pertinent part:

§ 1402. *United States as Defendant*

(a) Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

Since this claim is premised upon a federal tax refund, it is apparent that venue is proper only in a district where Plaintiffs reside. Although Plaintiffs at one time did reside within the District of Delaware, they have since moved outside the District. In fact, the Plaintiffs are not residents of any judicial district since they currently reside in the Bahamas.

Despite the fact that the venue provisions of 28 U.S.C. § 1402(a)(1) preclude litigation of Plaintiffs' claim in any district court, Plaintiffs are not deprived of a forum. Under 28 U.S.C. § 1346(a)(1), the United States Claims Court exercises concurrent jurisdiction with the district courts to hear federal tax refund suits.

The Plaintiffs argue that despite the ability of the Court of Claims to hear their suit, they should be able to avail themselves of the same rights as resident citizens and have their case heard by a district court. At oral argument, however, Plaintiffs withdrew their constitutional objections to the different treatment the venue statute afforded resident and non-resident citizens. Thus, the only remaining issue is the plain meaning of the federal venue statutes.

There is no reason to presume that the plain meaning of the venue statutes does not dispose of this issue. In *Shaw v. United States*, 422 F.Supp. 339 (S.D.N.Y.1976), when faced with an identical fact situation, the Southern District of New York ruled that non-resident citizens are not residents for the purposes of 28 U.S.C. § 1402(a)(1) and are thereby precluded from bringing suit in any United States District Court. *Id.* at 341. Contrary to Plaintiffs' assertions, such preclusion does not create a "venue gap" since the Plaintiffs are provided an adequate forum in the Court of Claims. Thus, this situation is not analogous to the cases cited by Defendant which allowed non-resident aliens to bring suit in any federal district on the grounds that otherwise those plaintiffs would be completely deprived of a forum. *See, Malaja-*

*lian v. United States*, 504 F.2d 842, 844 (1st Cir.1974).

For the foregoing reasons, the Court finds venue to be improper in this district. Improper venue, however, does not require this Court to dismiss the case. Title 28, section 1406(a) of the United States Code provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it *be in the interest of justice*, transfer such case to any district or division in which it could have been brought." (emphasis added.) The Defendant argues that transfer to the Claims Court would be improper since it is not a "district or division within the meaning of 1406(a)." Defendant's argument is contrary to a recent Third Circuit decision which explicitly states that under 28 U.S.C. § 1406(a) a district court may transfer a case to the Claims Court "if it be in the interest of justice." *Hondros v. United States Civil Service Com'n*, 720 F.2d 278, 299 (3d Cir.1983). In *Hondros*, the court stated that it is impossible to "conclude ... that Congress intended to handcuff the federal courts by prohibiting them from transferring a case improperly filed in the district courts to the Claims Court when the interests of justice so require." *Id.* at 299 n. 41.

In the present situation, the Defendant has not advanced, and the Court cannot foresee, any prejudice to the parties if this action is transferred to the Court of Claims rather than dismissed. Indeed, given the time that has expired since this action was instituted and the discovery which has been completed, it is in the interests of both the parties and the Court for this case to be transferred to the Court of Claims. The Government's motion to dismiss is denied.

(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

(2) In the case of a civil action ... by a corporation. ...