**Victor BIGIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 88–2082–CIV.**

United States District Court, S.D. Florida, Miami Division.

Dec. 1, 1988.

Steven M. Harris, Alan L. Weisberg, Miami, Fla., for plaintiff.

Joy L. Pritts, Jose Frank De Leon, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING MOTION TO DISMISS AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Case Due to Lack of Venue. The Plaintiff brought this action for judicial review of a jeopardy assessment of income taxes for the tax years 1981 through 1984, pursuant to 26 U.S.C. § 7429(b). In his Complaint, the Plaintiff alleges that he is a subject of Great Britain and contends that he was a non-resident alien for purposes of taxation in the United States during the years 1981 through 1984. The Defendant has filed this Motion to Dismiss on the ground that the Plaintiff is a non-resident alien and thus is not a resident of the Southern District of Florida for purposes of venue.

26 U.S.C. § 7429(e) states that "[a] civil action under subsection (b) shall be commenced only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code." Subsection (2) applies only to corporations; therefore this Court must look to subsection (1) to see if venue is proper.

Subsection (1) provides that venue lies "... in the judicial district where the plaintiff resides...." The first issue is therefore whether the Plaintiff is a resident of the Southern District of Florida for venue purposes.

The Plaintiff claims to be a resident of this District for venue purposes. Generally, venue is determined at the time a suit is commenced. *Parham v. Edwards,* 346 F.Supp. 968 (S.D.Ga.1972), *aff'd* 470 F.2d 1000 (5th Cir.1973). "[R]esidence for venue purposes is synonymous with citizenship for purposes of diversity jurisdiction and an alien does not reside within a judicial district of the United States." *Botero v. United States,* 560 F.Supp. 616 (S.D.Fla. 1983). Further, mere physical presence within a jurisdiction is not sufficient to establish residency for venue purposes. *Johnson v. Zarefoss,* 198 F.Supp. 548 (E.D. Pa.1961), *aff'd* 305 F.2d 825 (3d Cir.1962).

Once the issue of improper venue is raised, the non-moving party has the burden of proving that venue is proper. *Grantham v. Challenge–Cook Bros., Inc.,* 420 F.2d 1182 (7th Cir.1969). Here, the Complaint fails to allege any proper basis for venue.

The Plaintiff's Memorandum in Opposition to Motion of United States to Dismiss for Lack of Venue alleges that the Plaintiff was a resident of the Southern District from the time he was served with the jeopardy assessment (September 12, 1988) to the time he commenced this action (November 8, 1988). This allegation is insufficient to support a finding of residency for venue purposes. Therefore, this Court finds that the Plaintiff is a non-resident alien for purposes of venue.

Several cases have held that there is no venue in the district courts of the United States for suits brought under 26 U.S.C. § 7429(b) by non-resident aliens. *Bautista v. United States,* 62 AFTR 2d 88–5775, 1988 WL 144131 (N.D.Ca.1988); *De Maria Campos v. United States,* 84–1 USTC § 9433, 1984 WL 26 (N.D.Ga.1984). These Courts have reasoned that § 1402(a)(1) restricts venue to the district where the plaintiff resides. Because a non-resident alien does not reside in any judicial district, that plaintiff is barred from bringing suit in the district courts.

This Court was faced with this question in *Botero v. United States,* 560 F.Supp. 616 (S.D.Fla.1983). In *Botero,* this Court held that an alien plaintiff could not maintain an

action for judicial review of termination assessment of income tax, because he was not a resident for purposes of venue under § 1402(a)(1). *Id.* at 617.

This Court determined the constitutionality of this distinction between aliens and citizens by applying the rational relation test:

The distinction between aliens and citizens for venue purposes is a rational one. The jeopardy and termination assessment provisions were included in the Internal Revenue Code to help prevent evasions of federal taxes through secretion of assets and transfers of property beyond the reach of federal law and federal agencies.

*Id.* at 618. This Court went on to say that:

Aliens are more likely to have contacts outside the country and opportunities to remove assets from the United States and escape taxation. Congress could rationally believe that aliens who are residents in this country but have not chosen or are unable to become citizens and have been determined by the Internal Revenue Service to be appropriate subjects for jeopardy and assessment should be treated differently from citizens.

*Id.* at 619.

The Court also pointed out that "there is no constitutional right to judicial review." *Id.* The Plaintiff has an adequate remedy by litigating in the Tax Court and the Court of Claims. He is not deprived of due process or equal protection of law. *Id.* at 618. "If a taxpayer is unable to get judicial review under § 7429 he is not deprived a constitutional right but is denied a hearing because Congress chose not to provide one." *Id.* at 619.

This Court must apply the same reasoning to the case *sub judice.* Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED and this case hereby is DISMISSED.

DONE AND ORDERED.