Mark A. Borreliz, Boston, Mass., atty. of record, for plaintiff; Jamie W. Katz and Heller, Borreliz & Katz, of counsel.

Scott W. Putney, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

---

## JOHNSON CITY MEDICAL CENTER HOSPITAL

v.

## The UNITED STATES.

### No. 90–120T.

United States Claims Court.

May 25, 1990.

### ORDER

MEROW, Judge.

This tax refund matter comes before the court on plaintiff's motion filed May 8, 1990 to transfer this matter to the United States District Court where it was originally filed on June 21, 1989.

By motion filed November 13, 1989 in the District Court, plaintiff requested that the case be transferred to the United States Claims Court so that this matter, and similar cases filed by other hospitals, could proceed in a single forum. The motion noted that the Claims Court had jurisdiction over tax refund suits under 28 U.S.C. § 1491 and cited Claims Court Rule 84 as showing that transfers to the Claims Court were contemplated. By order filed November 28, 1989, the District Court transferred this matter to the Claims Court.

■ The Claims Court obtains jurisdiction over a matter in two ways. A complaint (petition) stating a claim within the statutory jurisdiction of the Claims Court may be timely filed directly with the clerk, or a matter may be transferred to the Claims Court under the provisions of 28 U.S.C. § 1631. As a court defined in 28 U.S.C. § 610, the transfer provisions of 28 U.S.C. § 1631 apply to the Claims Court. However, this transfer authority is expressly limited to the situation where there

is a lack of jurisdiction in the transferor court. The section provides:

§ 1631. **Transfer to cure want of jurisdiction**

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In the instant matter, the District Court has concurrent jurisdiction over tax refund suits under 28 U.S.C. § 1346. *See Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). Thus, because the District Court did not lack jurisdiction over the instant suit and did not find that it lacked jurisdiction, a transfer under 28 U.S.C. § 1631 was not effected. This is not a situation where a District Court's determination that it lacked jurisdiction and so transferred the case constitutes the law of the case. *See Christianson v. Colt Indus. Operations Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *American Lifestyle Homes, Inc. v. United States*, 17 Cl.Ct. 711 (1989).

■ The motion filed by plaintiff in the District Court appears to rely on 28 U.S.C. § 1404(a), which provides:

§ 1404. **Change of venue**

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

However, this provision expressly authorizes a transfer only to "any other district or division." This provision does not include the Claims Court which, with nation-wide jurisdiction, could not constitute a "district" or "division." *But see Hondros v. United States Civil Service Com'n*, 720 F.2d 278, 299 (3rd Cir.1983) (noting repeal of former transfer section 28 U.S.C. § 1406(c) in 1982 but failing to note or apply 28 U.S.C. § 1631 which was simultaneously enacted to replace it—Pub.L. No. 97–164, 96 Stat. 39, 55).

It is a fundamental principle embedded in the Constitution that all federal courts, except the Supreme Court, are established by Congress and possess only the jurisdiction granted to them by Congress. *In Re U.S.*, 877 F.2d 1568 (Fed.Cir.1989).

The only jurisdiction Congress has provided for transfer of cases to the Claims Court is 28 U.S.C. § 1631 and this is expressly limited to those situations where the transferor court finds it lacks jurisdiction. For a tax refund claim, this can only occur where a plaintiff resides overseas so that a district court could not have venue over the matter. *See Krapf v. United States*, 604 F.Supp. 1164 (D.C.Del.1985) (applying wrong transfer statute upon a finding of lack of jurisdiction).

■ Accordingly, as Congress has not provided statutory authority for a transfer of a matter to the Claims Court where the transferor court possesses jurisdiction, it is concluded that no valid transfer of this matter has been effected. Jurisdiction over this case still resides in the District Court. As the District Court still retains jurisdiction over this refund claim, 28 U.S.C. § 1500 would preclude Claims Court jurisdiction in any event. *Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed. Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989).

Thus, as the Claims Court lacks jurisdiction over this matter and jurisdiction still resides in the District Court, it is Ordered that:

(1) The Amended Complaint filed March 7, 1990 shall be dismissed without prejudice with no costs to be assessed;

(2) The papers transmitted by the District Court shall be returned to that court with a copy of this order;

(3) Plaintiff's motion to transfer filed May 8, 1990 is denied as moot.