**UNITED STATES of America, Plaintiff,**

v.

**Albert GOLDSTEIN, Defendant.**

No. 89 Civ. 1567 (RWS).

United States District Court, S.D. New York.

Oct. 20, 1993.

Ellen Silverman, Asst. U.S. Atty., for U.S.

Joy Goldberg, P.C., New York City, for defendant.

### *MEMORANDUM OPINION*

SWEET, District Judge.

The United States of America (the "Government") has moved pursuant to Rule 56, Fed.R.Civ.P., for summary judgment on its complaint seeking to reduce to judgment three outstanding tax assessments against the defendant Albert Goldstein ("Goldstein") for the tax years 1977, 1980, and 1981. For the reasons set forth below, the motion is granted.

There is no dispute of a material fact, the Government having submitted an affidavit of a Special Procedure Advisor for the Internal Revenue Service (the "IRS") that Goldstein was a resident of Manhattan at the time this action was commenced based upon his tax return. There is no affidavit or other submission by Goldstein to the contrary other than the denial in the Answer that venue is proper in this District.

There is no opposition to the Government's motion other than that raised by the challenge to venue contained in the Answer.

The venue statute, § 1396 of Title 28, United States Code, provides that:

Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed.

This provision does not define the taxpayer's residence as the residence at the time the returns were filed, but rather merely uses the term "residence."

In *Shaw v. United States,* 422 F.Supp. 339 (S.D.N.Y.1976), this Court interpreted the venue statute that provides for tax refund suits against the Government, 28 U.S.C. § 1402(a)(1), which mirrors the language of Section 1396. Section 1402(a)(1) provides, in pertinent part, that:

(a) Any civil action in a district court against the United States under subsection (a) of 1346 of this title may be prosecuted only:

(1) ... [I]n the judicial district where the plaintiff resides.

The Court held that "where the plaintiff resides" for purposes of the statute referred to the plaintiff's place of residence at the time the action was commenced. *Shaw*, 422 F.Supp. at 340; *accord Krapf v. United States*, 604 F.Supp. 1164 (D.Del.1985), *rev'd on other grounds*, 977 F.2d 1454 (Fed.Cir. 1992).

Goldstein has not effectively challenged the Government's reading of the statute in question. The motion is therefore granted. Submit judgment on notice.

It is so ordered.